## COMMISSIONER OF INTERNAL REVENUE v. COHEN.

## COHEN v. COMMISSIONER OF INTERNAL REVENUE.

No. 9885.

Circuit Court of Appeals, Fifth Circuit.

June 23, 1941.

Hubert L. Will, Sewall Key, Helen R. Carloss, and William L. Cary, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal

Revenue, both of Washington, D. C., for the Commissioner.

B. F. Louis, of Houston, Tex., for taxpayer.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

These two petitions for review, consolidated for hearing and decision in this court, present two questions:

(1) Whether a dividend on stock held by the decedent which was declared prior to the date of his death but was payable to stockholders of record on a date subsequent to his death should be accrued as part of decedent's gross income pursuant to Section 42 of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Code § 42.

(2) Whether, under Section 115 of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Code, § 115, certain advances made to a stockholder during his lifetime constituted dividends upon his stock in the year they were made, 1933, or whether they were dividends in 1934, when they were formally declared.

Robert I. Cohen and his son George owned the entire stock of a corporation domiciled in Houston, Texas. In 1926 they entered into a contract which was spread upon the minutes of the company providing that Robert I. Cohen would receive dividends amounting to $15,120 per year upon his stock, and no more. This sum was to be paid by the company, if earned, and by George Cohen if not earned. The agreement remained in force until the death of Robert Cohen on October 15, 1934. Under the community property law of Texas, one half of the dividends was receivable by Robert Cohen, and the remainder belonged to his wife.

The board of directors of the company declared a dividend on its stock, on April 30, 1934, for the fiscal year ending January 31, 1935, in the exact ratio required to entitle Robert Cohen to dividends aggregating $15,120 for that fiscal year. Pursuant to the declaration, he was paid $7,560 prior to his death on October 15, 1934, and the remaining $7,560 was paid to his wife

as executrix of his estate within the fiscal year. The Commissioner determined that one-half of all of the dividends paid pursuant to the declaration of April 30, 1934, constituted accrued income to the taxpayer as of the date of his death, and the deficiency assessed upon that computation gave rise to the first stated question.

Section 42 of the Revenue Act of 1934[1] provides that, when a taxpayer dies, the return of income for the period in which the death occurred shall include amounts accrued up to the date of his death. Under the law of Texas, a declaration of dividends creates a debt owed by the corporation in favor of each stockholder which cannot be rescinded.[2] Although the declaration of this dividend provided that the sums thereunder were payable to the stockholders of record at such times and in such installments during the year as the directors saw fit, the liability of the company accrued as of the date of the declaration, which was prior to the taxpayer's death. He did not alienate his right to the distribution, and the remaining dividends unpaid at the time of his death were paid to his executrix.

A dividend ordinarily means any distribution made by a corporation to its stockholders out of its earnings or profits accumulated after February 28, 1913, and it is presumed to be earned when it is declared. The stockholder receives the value of a dividend when it is declared, for if it is immediately paid he has his stock and his dividend, and if payment is deferred he has the value of his stock increased by the amount of the dividend upon it. Section 42, supra, was intended to reach items accrued before, but payable after, the taxpayer's death.[3] We think the decedent's entire interest in the dividend declared April 30, 1934, was net income accrued to him at the time of his death, and that the same was properly included in his 1934 return. Helvering v. McGlue's Estate, 4 Cir., April 10, 1941, 119 F.2d 167; First National Bank & Trust Company v. Glenn, D.C., 36 F.Supp. 552.

The other issue in the case arose out of an application by the taxpayer for a re-

---

[1] 48 Stat. 680, 694, 26 U.S.C.A., Int.Rev.Code, § 42.

[2] Yeaman v. Galveston City Co., 106 Tex. 389, 167 S.W. 710, Ann.Cas.1917E, 191; Cavitt v. Amsler, Tex.Civ.App., 242 S.W. 246; Keller v. Keller, 135 Tex.

260, 141 S.W.2d 308. See, also, Flynn v. Haas Bros., 9 Cir., 20 F.2d 510; United States v. Murine Co., 7 Cir., 90 F.2d 549; 14 C.J. 815, 816.

[3] Helvering v. Enright's Estate, March 31, 1941, 61 S.Ct. 777, 85 L.Ed. ——.

fund paid upon a return made in 1934, which, it is claimed, should have been included in his 1933 return. In 1933 the company had earnings and surplus sufficient to declare the dividend contemplated by the contract between the Cohens, and the taxpayer received three quarterly payments from the company aggregating $11,340 during that year. These sums were advanced in 1933, and the dividend was not declared until January 16, 1934. It was then set off against the advances.

■ The taxpayer contends that these payments were dividends properly accountable as income earned in the year (1933) when paid. The Commissioner says that they were advances, perhaps made in anticipation of dividends to be declared in the future, and that they did not become either dividends or income until the declaration of dividends was made in the year 1934. The decisive question, whether these payments were advances or were dividends, is a question of fact upon which we must uphold the Board of Tax Appeals if its finding is supported by substantial evidence. [4]

■ The taxpayer argues that the payments made were dividends because they were identical in amount with the figures agreed upon in the Cohen contract, no note or other evidence of indebtedness was taken by the company, no interest was charged or paid, and the dividend credit was subsequently taken by the company. These facts are true, but are not decisive. The payments were made to Robert Cohen only, and no other stockholder either received or had an enforceable right to demand any dividends; the payments were not credited as dividends on the books of the company until 1934; the accumulated surplus of the company was not diminished by these payments until 1934; and, if no dividend had been subsequently declared and the company had been insolvent, the payments would have been subject to recovery by the creditors of the company. These circumstances lend substantial support to the finding of the Board that these payments were in fact advances which became dividends subject to taxation as income only after the declaration of dividends in the year 1934. [5]

Upon the petition to review filed by the taxpayer the judgment is affirmed; upon that filed by the Commissioner the judgment is reversed, and the cause remanded to the Board of Tax Appeals for further proceedings not inconsistent with this opinion.

---

[4] Commissioner v. Horseshoe Lease Syndicate, 5 Cir., 110 F.2d 748.

[5] Cf. Cohen v. Commissioner, 6 Cir., 77 F.2d 184; Hudson v. Commissioner, 6 Cir., 99 F.2d 630.