**BACH et al. v. ROTHENSIES, Collector of Internal Revenue.**

Nos. 7737, 7740.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 23, 1941.

Decided Dec. 8, 1941.

Frederick E. S. Morrison, of Philadelphia, Pa. (Drinker, Biddle & Reath, of Philadelphia, Pa., on the brief), for Drexel Estate.

Samuel H. Levy, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Gerald L. Wallace, Sp. Asst. to the Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., on the brief), for Collector of Internal Revenue.

Before BIGGS, MARIS and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

Anthony J. Drexel died on December 14, 1934. Mr. Drexel was, in his lifetime, the life beneficiary of a one-quarter interest in the income of a trust created under the will of his father many years before. The terms of the trust prohibited the payment of income to the beneficiaries prior to its collection and further prohibited the latter from anticipating or enjoying income prior to its receipt and distribution by the trustees. Both the decedent taxpayer and the trustees maintained books of account on a cash receipts and disbursements basis.

In making the deceased taxpayer's income tax return for the year 1934 his executors included only income received by the trust and distributed to the decedent prior to his death. The Commissioner assessed a deficiency based on the inclusion in the return of those items which were accrued up to the date of death, though not received at that date either by the decedent or the trustee. This action was based upon § 42 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code, § 42, which provides, in its last sentence: "In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death * * *."

The executors paid the additional tax and brought suit in the District Court to get it back. Judgment was there entered for the plaintiffs. 1941, 37 F.Supp. 217.[1]

Between the decision of this case by the learned District Judge and its argument

---

[1] The District Court ordered also that a set-off be allowed against the amount of the judgment for plaintiffs to the extent of $5,849.14, the amount of taxes due from the taxpayer's estate if the accrued items here in question were taxed as income thereto as they were received. The plaintiffs filed a cross-appeal as to the set-off. In the view we take of the case there is no need to discuss this matter.

upon appeal to this court, the Supreme Court has given us an authoritative interpretation of § 42 in Helvering v. Estate of Enright, 1941, 312 U.S. 636, 61 S.Ct. 777, 782, 85 L.Ed. 1093, reversing our decision in the same case which appears in 3 Cir., 1940, 112 F.2d 919. The Supreme Court held that § 42 permits including, as accrued items, in a decedent's gross income for the period ending with his death, his share of the profits earned, but not yet received, by a partnership. In that case both the decedent and his firm kept their accounts and made their income tax reports on a cash receipts and disbursements basis. Mr. Justice Reed, for the court, stated that the fact that payment was not to be collected until another taxable year was immaterial and that accrued income for uncompleted operations "includes the value of the services rendered by the decedent, capable of approximate valuation * * *".

This decision, by implication, disposes of such general criticisms of § 42 as that it is unreasonable and discriminatory. Special provision can be made with regard to taxpayers if death comes during a given tax year. As Judge Dobie has since pointed out accrued income under this section may be something different than what a living taxpayer on an accrual basis may record as accrued income. Helvering v. McGlue's Estate, 4 Cir., 1941, 119 F.2d 167.[2] So far as the items that make up the income are concerned the instant case is not so difficult as Enright. The latter turned on a close question. There the problem was evaluation of services performed in unfinished business of the law partnership; here the items are interest, dividends and rents. The court said in the Enright decision page 643 of 312 U.S., page 781 of 61 S.Ct., 85 L.Ed. 1093: "The meaning of 'amounts accrued up to the date of his death' is clear as to fixed rent, interest * * * and other similar in-

come which may readily be attributed to a particular period." Neither in that case, nor in this, was the taxpayer entitled to the cash on the date of his death. The Enright decision, therefore, disposes of this appeal, unless there is a difference, as well as a distinction, under § 42 between a cestui que trust and a member of a partnership.

The executors stress the point that partnerships and trusts receive different treatment under the income tax law. A partnership makes a return of income and it is true that this return is made for information only. It is also true that a trust makes a return and may pay a tax. But it is true, too, that from the return there is deducted "income * * * to be distributed currently by the fiduciary to the beneficiaries * * *".[3] In respect to that which is immediately distributable trust return is, in effect, only informational, just as is the partnership return, and does not make the trust a separate taxable unit.

The 1934 addition to § 42 was recommended because it had been held that income accrued to a decedent on a cash basis prior to his death is not income to the estate and unless taxable to the decedent it escapes income tax altogether.[4] In the instant case the decedent's executors, for estate tax purposes, set the value at the time of decedent's death of the items then accrued but which were to be collected subsequently. When so collected they were not taxable income to the estate on the authorities referred to, and unless taxed to the decedent himself no income tax is collectable. This was just the situation Congress sought to change by the addition to § 42 in 1934.

The judgment of the District Court is reversed and the case remanded with directions to enter judgment for the defendant.

---

[2] The Enright case has been followed also in Commissioner of Internal Revenue v. Cohen, 5 Cir., 1941, 121 F.2d 348; and in the following decisions of the Board of Tax Appeals: Estate of Wickersham, decided May 29, 1941, CCH Dec. 11,837; Estate of Smith, decided June 3, 1941, CCH Dec. 11,848-B; Estate of

Ledyard, decided July 18, 1941, CCH Dec. 12,011.

[3] 26 U.S.C.A. Int.Rev.Code, § 162(b).

[4] See page 639 of 312 U. S., 61 S.Ct. 780, 85 L.Ed. 1093, in the opinion in Helvering v. Estate of Enright and the authorities cited there in note 6.