## COMMISSIONER OF INTERNAL REVENUE v. GUARANTY TRUST CO. OF NEW YORK.

## GUARANTY TRUST CO. OF NEW YORK v. COMMISSIONER OF INTERNAL REVENUE.

No. 5.

Circuit Court of Appeals, Second Circuit.

Aug. 4, 1944.

Writ of Certiorari Granted Nov. 13, 1944.

See 65 S.Ct. 134.

able by the terms of the declaration to stockholders of record on dates which fell after his death, were income taxable to the decedent or to his estate.

The facts are not in dispute. Henry W. Putnam, a resident of New York, died on March 30, 1938, owning shares of stock in several corporations organized respectively under the laws of New Jersey, Delaware, Pennsylvania and Maine. Before his death each of the corporations declared a cash dividend payable in the future to stockholders of record on a future date. The relevant facts as to each dividend are shown in the margin.[1] Although there is no express finding on the point, the parties have assumed, as do we, that the decedent kept his books upon the basis of cash receipts and disbursements. In due course the dividends in question were paid to the executor, and thereafter he filed an income tax return for the decedent for the period from January 1 to March 30, 1938, and an income tax return for the estate for the period from March 30 to December 31, 1938. In the former return he included all the dividends except one of $2400, which he included in the estate's return. The commissioner surcharged the decedent's return by inclusion of the $2400 dividend. Then to protect himself against an adverse decision, the commissioner likewise surcharged the estate's return by including all the dividends as income of the estate. The executor appealed to the Board of Tax Appeals (now the Tax Court) from both determinations. The Tax Court held, five members dissenting without opinion, that the dividends of New Jersey corporations were accruable as income to the decedent and the dividends of Delaware, Maine and

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, I. Henry Kutz, Robert N. Anderson, and Irving I. Axelrod, Sp. Assts. to Atty. Gen., for the Commission.

Carl A. De Gersdorff and Wm. Dwight Whitney, both of New York City (James H. Nichols, William H. Gambrell, and Cravath, Swaine & Wood, all of New York City, of counsel), for taxpayer.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The question presented by these petitions is whether dividends declared before the death of an individual stockholder but payable by the terms of the declaration to stockholders of record on dates which fell after his death, were income taxable to the decedent or to his estate.

| 1 | Corporation | State of incorporation | Amount of dividend | Declaration date | Record date | Payment date |
|---|---|---|---|---|---|---|
| 1. | American Smelting & Refining Co. | New Jersey | $ 2,400.00 | 3/ 1/1938 | 5/ 6/1938 | 5/31/1938 |
| 2. | General Motors Corp. | Delaware | 1,568.75 | 2/ 7/1938 | 4/ 4/1938 | 5/ 2/1938 |
| 3. | United Profit Sharing Corp. | Delaware | 25.00 | 2/24/1938 | 3/31/1938 | 4/30/1938 |
| 4. | Westinghouse Air Brake Mfg. Co. | Pennsylvania | 825.00 | 11/16/1937 | 3/31/1938 | 4/30/1938 |
| | | | | | 6/30/1938 | 7/30/1938 |
| | | | | | 9/30/1938 | 10/31/1938 |
| 5. | Hecker Products Corp. | New Jersey | 300.00 | 3/23/1938 | 4/ 9/1938 | 5/ 2/1938 |
| 6. | Philadelphia Co. | Pennsylvania | 58.00 | 3/18/1938 | 4/ 1/1938 | 4/25/1938 |
| 7. | United States Smelting, Refining & Mining Co. | Maine | 875.00 | 3/23/1938 | 4/ 1/1938 | 4/15/1938 |
| 8. | American Can Co. | New Jersey | 18,000.00 | 3/29/1938 | 4/25/1938 | 5/16/1938 |

Pennsylvania corporations were not so accruable and were therefore income to the estate. The executor's petition attacks the former conclusion, the commissioner's petition the latter.

Section 42 of the Revenue Act of 1938, 52 Stat. 447, 473, 26 U.S.C.A. Int.Rev.Code, § 42, reads as follows:

"The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death, if not otherwise properly includible in respect of such period or a prior period."

The second sentence of the section originally appeared in the corresponding section of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code § 42; the congressional purpose in inserting it is explained in Helvering v. Enright's Estate, 312 U.S. 636, 639, 61 S.Ct. 777, 85 L.Ed. 1093. It was eliminated in the Revenue Act of 1942.[2]

■ The decision of the Tax Court, Putnam's Estate v. Com'r, 45 B.T.A. 517, went upon the ground that whether the dividends became corporate debts upon declaration and thus accruable to the decedent must be determined by the law of the corporation's domicile. Before us both petitioners have argued that state law concepts of accrual are not controlling; they agree that the question is one of federal law calling for a uniform income tax rule throughout the country. We accept this theory, as we believe that "amounts accrued" within the meaning of section 42 presents a federal question which "is not determined by local characterization." See Lyeth v. Hoey, 305 U.S. 188, 193, 59 S.Ct. 155, 158, 83 L.Ed. 119, 119 A.L.R. 410.

■ Against the commissioner's contention that the dividends "accrued" on the declaration date the executor interposes the argument that section 115, 26 U.S.C.A. Int.Rev.Code, § 115, inhibits taxing a dividend until it is "made" to the shareholders, or in the words of the relevant regulation, Regs. 101, Art. 115-1, until "the cash or other property is unqualifiedly made subject to their demands." Reliance is placed on Tar Products Corp. v. Commissioner, 3 Cir., 130 F.2d 866, 143 A.L.R. 593, which holds that a dividend is taxable in the year of its receipt, not in the year of its declaration, even when the taxpayer's books are kept on an accrual basis of accounting. But that case did not involve section 42, and we think it cannot be applied in the light of Helvering v. Enright's Estate, 312 U.S. 636, 61 S.Ct. 777, 85 L.Ed. 1093. There Mr. Justice Reed said at pages 644, 645, of 312 U.S., at page 782 of 61 S.Ct., 85 L.Ed. 1093:

"It is to be noted that no change was made by the 1934 Act in the § 48 definition of 'accrued.' Yet, it is obvious that the definition is inapplicable since a taxpayer on a cash basis cannot have a 'method of accounting' by which the meaning of accrual is fixed. * * * It has been frequently said, and correctly, that § 42 was aimed at putting the cash receipt taxpayer on the accrual basis. But that statement does not answer the meaning of accrual in this section. * * * Accruals here are to be construed in furtherance of the intent of Congress to cover into income the assets of decedents, earned during their life and unreported as income, which on a cash return, would appear in the estate returns. Congress sought a fair reflection of income."

Hence the courts have recognized that accrued income under § 42 "may be something different than what a living taxpayer on an accrual basis may record as accrued income." Bach v. Rothensies, 3 Cir., 124 F.2d 306, 307, 142 A.L.R. 210, certiorari denied 316 U.S. 666, 62 S.Ct. 1035, 86 L.Ed. 1742; Helvering v. McGlue's Estate, 4 Cir., 119 F.2d 167, 170; Commissioner v. Cohen, 5 Cir., 121 F.2d 348; First Nat. Bank & Trust Co. v. Glenn, D.C.W.D.Ky., 36 F.Supp. 552. These four cases all involved the accrual of dividends which the stockholder had not received at the date of his death. It is true that the McGlue case went upon the court's understanding of New York law, so that it is not a direct authority on the point before us; it does, however, support the view that "accrued" has a broader meaning in section 42 than the courts have given it in other connections. We are of opinion that within the meaning of the last sentence of section 42 the dividends accrue upon the declaration date rather than the record date. The declaration fixes the amount of the dividend and,

---

[2] Section 134 of the Revenue Act of 1942, 56 Stat. 798, 26 U.S.C.A. Int.Rev. Acts.

being irrevocable by the corporation, it makes reasonably certain that the shareholder will receive payment, unless he dies or by his voluntary act disposes of the dividend before the record date. If he sells the stock the price he will receive will reflect the value of the declared dividend. "From the economic and practical viewpoint", as Judge Miller said in First Nat. Bank & Trust Co. v. Glenn, D.C. 36 F. Supp. 552, 556, "the dividend has accrued." The orders are reversed and the cause remanded with directions to accrue the dividends to the decedent and determine the decedent's deficiency and the estate's overpayment accordingly.

L. HAND, Circuit Judge (dissenting).

The Supreme Court held in Helvering v. Enright's Estate, 312 U.S. 636, 61 S.Ct. 777, 85 L.Ed. 1093, that under § 42 there might be "accruals" which were different from "accruals" in other connections; but the case only involved the value at the time of a partner's death of uncompleted services, performed by a firm of lawyers, some of which might be on a contingent basis, or indeed be only quantum meruits. The court held that, although these might not be "accrued" for ordinary purposes, they should be "accrued" in order to effect the purpose of § 42, for otherwise the income would altogether escape taxation, which it was the purpose of the amendment to avoid. However, it is one thing to hold that one should compute the present value of all the items of unfinished work on a lawyer's books, even though there is a chance of error in doing so because some of the charges are contingent; they have a present value, which ordinarily can be approximately computed. But it is quite another thing, when the very obligee of a claim remains undetermined, arbitrarily to select one of the two or more possible persons who may become the obligee, and say that one will treat him as the owner of the claim. Such a doctrine, when applied between a decedent and his executors, may not indeed work unfairly; but, when applied to sales it leads, I submit, to preposterous results. Suppose the decedent sells the shares after the declaration of a dividend, but before the "record" date. The price of the shares will ordinarily include the dividend, for even the declaration of a dividend makes no difference in the case of companies which declare dividends regularly. Hence the decedent will pay a tax based upon his gain—if he has a gain—it may be a limited tax, but it is an income tax; and if he also pays a tax upon the dividend, he has paid twice. Moreover, even when he merely bequeaths the shares specifically, to tax the decedent and not the legatee, presupposes that in some way the company's earnings all along were the decedent's, for the declaration does not change his relation to them. It does set them apart for somebody, but not the decedent, unless he happens to outlive the "record" date. The confusion lies in the fact of treating the certainty that there is a debt as a certainty of the identity of the creditor. Anything is possible, but this goes beyond the declared object of the section, and, incidentally does not always favor the revenue. I agree that Commissioner v. Cohen, 5 Cir., 121 F.2d 348, is against this view; but it was based upon a mistaken reading of Helvering v. McGlue, 4 Cir., 119 F.2d 167, which went upon the court's understanding, possibly its misunderstanding, of New York Law.