Harold K. Hockaday and Lois C. Hockaday, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 45137. Filed September 30, 1954.

*Charles R. Hancock, Esq.*, for the petitioners.
*James F. Hoge, Jr., Esq.*, for the respondent.

1328

OPINION.

BLACK, *Judge:* As has already been stated in our preliminary statement, the Commissioner has added to the income reported by petitioners on their joint return, $3,245.36, which he characterizes as: "Mrs. Hockaday's part of community income with her former husband up to date of divorce, May 31, 1948." It is as to the correctness of that determination of the Commissioner which is the issue we have to decide.

There is no issue as to the amount of Hubert's share of the income of the partnership of Green and Rosson for the fiscal year of the partnership which ended June 30, 1948. It was $6,987.16. One-half of this amount is $3,493.58, and the Commissioner seeks to add to the income reported on petitioners' joint return, eleven-twelfths of this one-half on the ground that Lois was married to Hubert 11 months of the partnership fiscal year beginning July 1, 1947, and ended June 30, 1948. Of course, it goes without saying that Lois was not a member of the partnership of Green and Rosson, but under Texas law Hubert's earnings from the partnership as long as the marital relationship between himself and Lois continued was community income between the two. Hubert and Lois were married 11 months of the partnership fiscal year which ended June 30, 1948. Respondent, therefore, contends that eleven-twelfths of one-half of Hubert's partnership income from the partnership of Green and Rosson for that fiscal year is taxable to Lois. He has so determined in the deficiency notice.

On the other hand, petitioners contend that because Hubert was divorced from Lois May 31, 1948, which was 1 month prior to the end of the partnership fiscal year, that none of Hubert's one-half of the partnership income for its fiscal year ended June 30, 1948, is taxable to Lois. Petitioner states the substance of her contention in her brief, as follows:

Mr. and Mrs. Green were divorced on May 31, 1948 and entered into a property settlement agreement to divide their assets and liabilities. Thereafter, nothing was received by the former Mrs. Green from Hubert Green. Therefore, under no theory could it be realistically argued that Mrs. Green (Hockaday) had experienced income from June 1, 1948 to May 31, 1949.

It is true that the parties, prior to the divorce, entered into a property settlement agreement but we have no information as to what that settlement agreement contained. If, in the property settlement agreement, provision was not made that Lois should receive her com-

munity interest in her husband's partnership earnings in the partnership of Green and Rosson up to the time of divorce, then it would seem that she did not receive her full share of the community property. However, there is no reason for us to assume that her community property rights were not fully protected in the property settlement agreement which was entered into, including her community property interest in Hubert's share of the partnership earnings of Green and Rosson. In considering the issue we have here to decide, let us suppose that the community interest between Hubert and Lois had been dissolved by the death of Lois on May 31, 1948, instead of by divorce, as it was, would the estate of Lois have been entitled to her share of the partnership earnings of Hubert in the partnership of Green and Rosson, even though the fiscal year of the partnership would not end until 1 month later, to wit, June 30, 1948? We think the question must be answered in the affirmative. And if the estate of a deceased wife would be so entitled, then it would seem to follow that a wife who was divorced 1 month prior to the end of the partnership fiscal year would also be entitled to her proportionate share of the partnership earnings of her divorced husband.

Petitioners, in their brief, argue the issue as if it is a certainty that in the property settlement which was entered into by Lois and Hubert prior to their divorce, nothing whatever was awarded to Lois because of any interest which she may have had in Hubert's share of the partnership earnings of the partnership of Green and Rosson. As we have already pointed out, we have no information as to what was contained in the property settlement agreement but even if we assume, as petitioners argue, that nothing was awarded in it to Lois as her share of Hubert's share of the partnership profits, that would not change the situation. As we view it, when the partnership earnings of Green and Rosson were ascertained for its fiscal year ended June 30, 1948, then Lois was the owner of eleven-twelfths of one-half of Hubert's one-half of the partnership earnings and would be taxable thereon. If, in the property settlement which was entered into by her and Hubert on May 31, 1948, no provision was made that she should receive her community share of the earnings of her husband in the partnership, she would nevertheless be legally entitled to receive her community share. *Keller* v. *Keller*, 141 S. W. 2d 308. In that case, the Commission of Appeals of Texas, Section B, in a decision which was adopted by the Supreme Court of Texas, decided that the evidence showed that $20,000 set up on the corporation's books as salary to a stockholder was, in fact, salary for 1933 and not dividends or profits on stock which were the separate property of the stockholder, and hence stockholder's wife was entitled to one-half of that amount as her share of an item of community property not apportioned in a settlement agreement incorporated in a divorce decree.

It seems to us that under the doctrine of *Keller* v. *Keller, supra,* petitioner was entitled to her share of Hubert's portion of the partnership earnings which had been earned up to the date of her divorce from Hubert and that this would be true even though no allocation of such profits was made to her in the property settlement agreement. So far as we are informed, there is nothing in the property settlement agreement which would prevent Lois from recovering her community share of Hubert's share of the partnership earnings and certainly there is nothing in the divorce decree which would prevent it. The Commissioner in his determination of the deficiency has allocated eleven-twelfths of one-half of Hubert's one-half interest in the partnership for the fiscal year ended June 30, 1948, to Lois. There is nothing in the stipulated facts to show that this allocation was unreasonable.

Treasury Regulations 111, section 29.182–1, reads, in part, as follows:

SEC. 29.182–1. DISTRIBUTIVE SHARE OF PARTNERS.—(*a*) Each partner is required to include in his return for his taxable year within which or with which the taxable year of the partnership ends, whether or not distributed:

\* \* \* \* \* \* \*

(3) His distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in section 183 (b).

(*b*) If separate returns are made by the husband and wife domiciled in a community property State, and the husband only is a member of a partnership, the part of his distributive share of gains and losses of the partnership from sales or exchanges of capital assets or the part of his distributive share of ordinary net income or ordinary net loss, which is, or is derived from, community property should be reported by the husband and by the wife in equal proportions. In the case of a partnership closely related to other trades or businesses, see section 45.

We think that under the foregoing regulations petitioner should have reported in her return for her fiscal year ended May 31, 1949, her share of Hubert's partnership earnings. The fiscal year of the partnership which ended June 30, 1948, fell within petitioner's fiscal year which began June 1, 1948, and ended May 31, 1949. Therefore, petitioner's fiscal year ended May 31, 1949, was the year when petitioner should have returned her share of Hubert's share of the partnership income. See sec. 188, I. R. C., 1939.[1]

Respondent's determination of the deficiency is sustained.

Reviewed by the Court.

*Decision will be entered for the respondent.*

ARUNDELL, MURDOCK, and BAAR, *JJ.,* dissent.

---

[1] SEC. 188. DIFFERENT TAXABLE YEARS OF PARTNER AND PARTNERSHIP.

If the taxable year of a partner is different from that of the partnership, the inclusions with respect to the net income of the partnership, in computing the net income of the partner for his taxable year, shall be based upon the net income of the partnership for any taxable year of the partnership (whether beginning on, before, or after January 1, 1939) ending within or with the taxable year of the partner.