Guadalupe QUESADA, Appellant,

v.

Antonio D. QUESADA, Appellee.

No. 4964.

Court of Civil Appeals of Texas, Eastland.

Feb. 10, 1977.

Jack B. Sims, Sims & Sims, San Antonio, for appellant.

Oscar Gonzales and Marvin Zimmerman, San Antonio, for appellee.

WALTER, Justice.

This is a divorce case. In a nonjury trial, the bonds of matrimony between Antonio D. and Guadalupe Quesada were dissolved and Guadalupe was appointed managing conservator of the four minor children of the parties. Antonio was appointed possessory conservator, given reasonable visiting privileges and ordered to pay $85.00 per month per child as child support.

The court partitioned the community property as follows:

To Guadalupe:

"1. Family portrait, with the understanding that Petitioner will be given an opportunity to duplicate same;

2. Cordova automobile

3. 1974 Nova automobile

4. Homestead located in Somerset, Texas which includes approximately two acres of land on which the home is situated.

5. All furniture and household goods now in her possession, with the exception of those items of furniture herein awarded to Petitioner."

To Antonio:

"1. Retirement benefits from the San Antonio Fire Department.

2. Disability benefits, free and clear

3. 1974 pick-up

4. Twenty-eight acres adjacent to the above homestead property in Somerset, Texas

5. Furniture now in the possession of Respondent that was purchased in January of 1975 from Levitz Furniture Co. of San Antonio, Texas:

a) 1—triple dresser

b) 1—triple mirror

c) 2—night stands

d) 1—headboard

e) 1—walnut chair

f) 1—sofa

g) set mattress and box springs

6. Reclining lounge chair"

The cows were ordered sold and the proceeds applied to community debts and the balance divided.

Mrs. Quesada has appealed. She contends the judgment is voidable and the court erred in rendering same for the reason it does not make disposition of all the community and separate property and all the community indebtedness of the parties. She also contends the judgment is vague and indefinite and not subject to execution.

No statement of facts has been filed. In the findings of fact and conclusions of law the court finds the parties agreed to try the case without a court reporter and all property accumulated by the parties was community property. In his conclusion he finds:

"5. After considering all the circumstances and property of the parties, I find it is just, right and equitable that the property be divided in the manner set out in the Decree of Divorce."

In *Busby v. Busby*, 457 S.W.2d 551 (Tex. 1970), the court said:

". . . It is well settled that where, as here, a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof. *Taylor v. Catalon*, 140 Tex. 38, 166 S.W.2d 102 (1942); *Kirkwood v. Domnan*, 80 Tex. 645, 16 S.W. 428 (1891). *Since this property was not partitioned at the time of the divorce, we hold that the judgment entered in the divorce suit did not preclude the plaintiff from seeking a partition of the undivided community property sought to be partitioned here. Keller v. Keller*, 135 Tex. 260, 141 S.W.2d 308 (1940); *Kirberg v. Worrell*, 44 S.W.2d 940 (Com.App.1932)." (emphasis added)

See also *Clendenin v. Krock*, 527 S.W.2d 471 (Tex.Civ.App.—San Antonio 1975, no writ).

In 20 Tex.Jur.2d Divorce and Separation, § 248, it is said:

"A judgment adjudicating property rights of the spouses may be conclusive as to any claim later asserted by a spouse. But the judgment in a divorce suit does not preclude a subsequent suit to enforce property rights that were not settled therein. Thus, where items of community property are not taken into account in the division of the property, neither party is deprived of his rights therein by the division made. Any the judgment in a divorce action that does not make any partition does not, of course, bar a subsequent suit for partition."

■ Mrs. Quesada is not precluded from seeking a portion of community property which was not partitioned in the divorce judgment.

■ We are of the opinion the description of the land awarded to the parties is not so definite and certain that it can be identified with reasonable certainty.

In *Greer v. Greer*, 144 Tex. 528, 191 S.W.2d 848 (1946), the court said:

"Since the A. N. McKnight Survey contains more than 70 acres, it is quite obvious that the description in the Oklahoma judgment is not so definite and certain that the land can be identified with reasonable certainty. Nor does it refer to any writing from which such identification can be effected. Therefore, we must hold the judgment void in so far as it relates to the land involved here."

See also *U. S. Enterprises, Inc. v. Dauley*, 535 S.W.2d 623 (Tex.1976) at page 628.

That portion of the judgment awarding Guadalupe Quesada approximately "2 acres" of land and awarding Antonio D. Quesada "28 acres" of land is reversed and remanded for the entry of a proper legal description of the real property awarded to the parties. In all other respects, the judgment is affirmed.