T.C. Summary Opinion 2007-58

UNITED STATES TAX COURT

TRACY L. GEACCONE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3193-06S.                    Filed April 17, 2007.

<u>Leonard S. Roth</u>, for petitioner.

<u>Susan K. Greene</u>, for respondent.

JACOBS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,921 in petitioner's 2001 Federal income tax. The issue for decision is whether respondent abused his discretion in denying petitioner innocent spouse relief under section 66(c) for the deficiency and/or liability for a portion of unpaid tax.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time she filed the petition, petitioner resided in Houston, Texas.

Petitioner separated from her husband, Dr. Gasper Louis Geaccone, in August of 2001; they divorced on December 18, 2002. For the tax year 2001, petitioner timely filed a Federal income tax return as a married individual filing separately.

On her 2001 return, petitioner reported: Wages of $165,463.20; itemized deductions of $21,254; taxable income of $144,227; total tax of $42,574; withholding credits of $38,354; and a tax due of $4,220.

On Schedule A, Itemized Deductions, of the 2001 return, petitioner claimed a deduction of $6,138 for real estate taxes and $15,799 for home mortgage interest. Both of these itemized

deductions were accompanied by a notation that the amounts represented one-half of the community property total amount.

Dr. Geaccone is a dentist. Petitioner, in her 2001 Federal income tax return, did not include in gross income any amount attributable to Dr. Geaccone's earnings or profits from his dental practice. Respondent determined that the combined earnings of petitioner and Dr. Geaccone for the first 8 months of 2001 (the portion of the tax year 2001 that petitioner and Dr. Geaccone were not separated) was $320,986.67. According to respondent, petitioner should have included (as items of community income) half of that amount in income, as well as $55,154.33, the portion of petitioner's annual salary earned after her separation from Dr. Geaccone.[1] Respondent did not disturb petitioner's treatment of the claimed itemized deductions (i.e., her claiming half of the community property total amount). However, respondent determined that of the $38,354 withholding credit petitioner claimed, eight-twelfths, or $25,569.33 (corresponding to the portion of the year that petitioner was not separated from Dr. Geaccone) should have been allocated evenly between petitioner and Dr. Geaccone, and four-twelfths, or $12,784.67 (corresponding to the portion of the year that petitioner was separated from Dr. Geaccone) should have been allocated to petitioner. Therefore, according to respondent,

_____

[1]Respondent allocated 50 percent of interest income and dividends to petitioner, as the total amounts were small ($13 and $19, respectively).

the total withholding credit allocable to petitioner was $25,569.33.

Dr. Geaccone did not pay any estimated income tax for the tax year 2001, nor was any tax withheld from his earnings. According to respondent, after taking into account petitioner's prorated share of Dr. Geaccone's income, petitioner had taxable income for 2001 of $159,769.83, and the tax on this income was $48,495. Respondent maintains that because petitioner's prorated share of the $38,354 of withheld tax credit was $25,569.33, petitioner owed $22,925.67 ($48,495 minus $25,569.33), which is $18,705.67 more than the $4,220 she showed as owed on her return.

On or about August 24, 2004, petitioner applied for relief from liability with respect to the items of community income attributable to her from Dr. Geaccone under section 66(c), which respondent denied. Subsequently, respondent issued his notice of deficiency.

### Discussion

Except as otherwise provided in section 66(c), petitioner bears the burden of proof. See Rule 142(a); Hardy v. Commissioner, 181 F.3d 1002 (9th Cir. 1999), affg. T.C. Memo. 1997-97.

Texas is a community property State. Tex. Fam. Code Ann. secs. 3.001-3.005 (Vernon 2001); Lange v. Phinney, 507 F.2d 1000, 1005 (5th Cir. 1975). Generally, a spouse residing in a community

property State has a vested interest in, and is owner of, one-half of the spouses' community property. United States v. Mitchell, 403 U.S. 190, 196 (1971). Generally, spouses residing in a community property State are liable for the Federal income tax on one-half of their community income. Id. Income and deductions attributable to community property are also community property. See Tex. Fam. Code Ann. secs. 3.001 and 3.002; Adams v. Commissioner, 82 T.C. 563, 567-568 (1984); Hockaday v. Commissioner, 22 T.C. 1327, 1329 (1954); Harris v. Harris, 765 S.W.2d 798, 802 (Tex. App. 1989); Marshall v. Marshall, 735 S.W.2d 587, 594 (Tex. App. 1987).

Spouses who reside in a community property State may file either a joint Federal income tax return or separate Federal income tax returns. If they file separate returns, then generally each spouse must report, and pay tax on, one-half of the community income, regardless of whether the spouse actually received that income. United States v. Mitchell, supra at 196-197; Bernal v. Commissioner, 120 T.C. 102, 105-106 (2003).

Under certain circumstances, section 66 provides that a taxpayer may be relieved of liability on community income. Section 66(a) addresses the treatment of community income in the case of spouses who live apart at all times during the calendar year. Section 66(b) allows the Secretary to disallow the benefits of community property laws if the taxpayer acted as if he or she

were solely entitled to the income and failed to notify his or her spouse of the nature and amount of the income before the due date for filing the return.  Section 66(c) provides a taxpayer with relief if certain circumstances are satisfied.

Petitioner is not eligible for the type of relief provided by section 66(a) or (b).  Section 66(a) does not apply because petitioner and Dr. Geaccone lived together for a portion of 2001. Section 66(b) is not a relief provision and can be used only by the Commissioner to disallow the benefits of community property laws to a taxpayer.  It cannot be used by a taxpayer to claim relief from community property laws.  Consequently, we need to consider relief only under section 66(c), which provides as follows:

> SEC. 66(c).  Spouse Relieved of Liability in Certain Other Cases.--Under regulations prescribed by the Secretary, if--
>
>> (1) an individual does not file a joint return for any taxable year,
>>
>> (2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse,
>>
>> (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and
>>
>> (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income,

then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual). * * *

Section 66(c) pertains to items of community income, and that is one component of respondent's calculations that led to his determination that petitioner is liable for a deficiency in income tax for 2001. According to respondent, the amount of income, including community income, that petitioner should have reported in her 2001 return was $215,647.66. Petitioner reported gross income of $165,463.20, which is $50,184.46 less than respondent determined, giving rise to a deficiency in tax of $5,921. Petitioner may be relieved of liability for the tax associated with this community income if she meets all four of the criteria of section 66(c). We find that she does not.

The parties agree that petitioner meets the first and second conditions of section 66(c). Respondent contends that petitioner does not satisfy the third condition, which relates to petitioner's knowledge of the community income. Petitioner contends that she did not have access to Dr. Geaccone's books and records, which would have shown the amount of his earnings, and therefore she had no knowledge of his earnings as an item of community property. Petitioner testified that her divorce was not amicable and that by the time she filed her 2001 tax return in 2002, her relationship with Dr. Geaccone had deteriorated to the point that they were no longer in direct communication.

Petitioner testified that she had intended to file a joint return with Dr. Geaccone in 2001, but that alternative was not feasible, because of the lack of cooperation between them by the time the 2001 income tax return was prepared.  We found petitioner to be a credible witness.  Nonetheless, her testimony and the record in this case do not satisfy the statutory requirement.  Section 1.66-4(a)(2)(ii), Income Tax Regs., provides:

> If the requesting spouse is aware of the source of community income or the income-producing activity, but is unaware of the specific amount of the nonrequesting spouse's community income, the requesting spouse is considered to have knowledge or reason to know of the item of community income.  The requesting spouse's lack of knowledge of the specific amount of community income does not provide a basis for relief under this section.

There is no doubt that petitioner knew that Dr. Geaccone was a dentist and that he earned income from his dental practice, even though she might not have known the specific amount.  The record shows that petitioner and Dr. Geaccone filed joint returns for tax years 1992 through 2000.  Petitioner testified that she knew the balance that was due on those returns.  We conclude from petitioner's testimony that she knew of the item of community income giving rise to the deficiency for the tax year 2001.

Even though we find that petitioner does not meet all four requirements set forth in section 66(c),[2] she may nevertheless

---

[2]Because we find that petitioner has not satisfied the third requirement of sec. 66(c), we need not consider the fourth.

obtain relief from liability under the flush language of section 66(c), which provides:

> Under procedures prescribed by the Secretary, if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either) attributable to any item for which relief is not available under the preceding sentence, the Secretary may relieve such individual of such liability.

To prevail under the flush language of section 66(c), petitioner must prove that respondent's denial of equitable relief from joint liability under section 66(c) was an abuse of discretion. Butler v. Commissioner, 114 T.C. 276, 287-292 (2000); see Beck v. Commissioner, T.C. Memo. 2001-198. The Court defers to the Commissioner's determination unless it is arbitrary, capricious, or without sound basis in fact. Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003). Whether the Commissioner's determination was an abuse of discretion is a question of fact. The requesting spouse bears the burden of proving that there was an abuse of discretion. Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002); Abelein v. Commissioner, T.C. Memo. 2004-274. We find that petitioner has not carried her burden with respect to the deficiency for 2001 as determined by respondent ($5,921), but as discussed infra, she has carried her burden with respect to her

liability for the unpaid tax resulting from respondent's reallocation of her withholding credits.[3]

As directed by section 66(c), the Commissioner has prescribed guidelines in Rev. Proc. 2003-61, 2003-2 C.B. 296, modifying Rev. Proc. 2000-15, 2000-1 C.B. 447, that are to be used in determining whether it is inequitable to hold a requesting spouse liable for all or part of the liability for any unpaid tax or deficiency.[4] Sec. 1.66-4(b), Income Tax Regs. The requesting spouse must satisfy five conditions (threshold conditions) before the Commissioner will consider a request for relief under section 66(c). Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297. Respondent concedes that petitioner satisfied the threshold requirements.

---

[3]Reallocation of the withholding credits affects the final balance due from petitioner more than the treatment of the community income. Petitioner claimed a credit of $38,354 for withheld taxes, as shown on her Form W-2, Wage and Tax Statement. Respondent proposes to allow only $25,569.33 of this amount, a difference of $12,784.67. In contrast, the deficiency in tax which resulted from the allocation of a portion of Dr. Geaccone's income to petitioner was $5,921.

[4]Rev. Proc. 2000-15, 2000-1 C.B. 447, was superseded by Rev. Proc. 2003-61, 2003-2 C.B. 296, which is effective as to requests for relief filed on or after Nov. 1, 2003, and for requests for relief pending on Nov. 1, 2003, as to which no preliminary determination letter had been issued as of that date. Petitioner's application for relief was filed after Nov. 1, 2003, in August of 2004. Respondent issued a notice of deficiency on Jan. 20, 2006.

Where, as here, the requesting spouse meets the five threshold conditions set forth in Rev. Proc. 2003-61, sec. 4.01, we employ a balancing test to determine whether, taking into account all the facts and circumstances, it would be inequitable to hold the requesting spouse liable for all or part of the unpaid liability. Id. sec. 4.03, 2003-2 C.B. at 298.  We begin by considering petitioner's request for relief in the light of six factors listed in the revenue procedure.  A description of each factor, underscored, and our application of that factor to the facts of this case, follows.[5]

(a) Marital status.  The requesting spouse is separated or divorced from the nonrequesting spouse.  The parties agree that petitioner is divorced from Dr. Geaccone.  This factor weighs in petitioner's favor.

(b) Economic hardship.  The requesting spouse will suffer economic hardship if relief from the liability is not granted. Petitioner did not present any evidence tending to show that she would suffer economic hardship if relief from liability were not granted.  We note that petitioner earned substantial income in

_____

[5]These six factors are found in Rev. Proc. 2003-61, sec. 4.03(2)(a), 2003-2 C.B. at 298.  Additional factors that, if present, will weigh in favor of relief but will not weigh against equitable relief if not present in a case are found in Rev. Proc. 2003-62, sec. 4.03(2)(b), 2003-2 C.B. at 299.  Neither of those factors, pertaining to abuse and mental or physical health, is present in this case.

2001, and that she is a skilled professional.  Nothing in the record indicates that she is no longer employed at a salary similar to her 2001 salary.  On this record, we do not find that petitioner would suffer economic hardship if relief is not granted.  This factor weighs against petitioner.

(c) Knowledge or reason to know.  In the case of an income tax liability that arose from a deficiency, whether the requesting spouse did not know and had no reason to know of the item giving rise to the deficiency.  As discussed supra, we find that petitioner knew or had reason to know of the community income which gave rise to the understatement of her income and resulted in the deficiency respondent determined.  This factor weighs against petitioner.

(d) Nonrequesting spouse's legal obligation.  Whether the nonrequesting spouse has a legal obligation to pay the outstanding income tax liability pursuant to a divorce decree or agreement.  Petitioner's divorce decree assigns her responsibility for all income taxes "associated with the federal income tax return filed by petitioner individually for the calendar year 2001."

Correspondingly, the divorce decree assigns to Dr. Geaccone responsibility for all Federal income taxes "associated with * * * [Dr. Geaccone's] earnings in his dental practice for the calendar year 2001."  This factor weighs in favor of petitioner.

(e) <u>Significant benefit.  Whether the requesting spouse received significant benefit (beyond normal support) from the unpaid income tax liability or item giving rise to the deficiency</u>. Petitioner credibly testified that she received no gifts or other benefits beyond normal support from the unpaid tax liability. While, as respondent posits, Dr. Geaccone made some transfers of funds to a bank account petitioner controlled, we are satisfied that these transfers were for the purpose of contributing to the support of the family as a whole and did not constitute a benefit beyond normal support to petitioner.  This factor weighs in favor of petitioner.

(f) <u>Compliance with income tax laws.  Whether the requesting spouse has made a good faith effort to comply with income tax laws in the taxable years following the taxable year to which the request for relief relates</u>.  The record is devoid of any reference to petitioner's compliance with the income tax laws in years subsequent to 2001.  Therefore, this factor is neutral.

To conclude, we hold that respondent did not abuse his discretion in denying petitioner innocent spouse relief under section 66(c) for the determined deficiency.  However, to require petitioner to remain liable for unpaid tax in excess of $10,141 ($48,495, the tax on petitioner's income including her prorated share of Dr. Geaccone's income, less $38,354, the amount of petitioner's withholding credits) would be inequitable.  Yet this

is the outcome of respondent's refusal to allow petitioner credit for the entire amount of tax withheld by her employer from her income.  It therefore follows that in denying petitioner credit for the $38,354 withheld from her wages, and thus denying her innocent spouse relief under section 66(c) for unpaid tax in excess of $10,141, respondent abused his discretion.

To reflect the foregoing,

An appropriate decision
will be entered.