## GRANT v. GRANT. (No. 11679.)

(Court of Civil Appeals of Texas. Fort Worth. June 5, 1926.)

**1. Husband and wife ⟐⟐272(5).**

Clause of community property settlement that agreement is made on each party's own responsibility, not on representation by other should be read and construed in light of all attending circumstances.

**2. Trial ⟐⟐391.**

Trial court's conclusions on findings should show, not only facts found, but also their legal effect.

**3. Divorce ⟐⟐254.**

Judgment denying divorced wife's application for receivership, injunction, and accounting, in suit to set aside for fraud portion of decree fixing property rights, *held* sustained by provision of community property settlement that agreement was made on each party's responsibility, not on other's representation, though judgment also recited that court would resolve "other facts" in plaintiff's favor.

**4. Appeal and error ⟐⟐846(6)—Whether plaintiff's claim must be denied for causes not found by trial court cannot be considered on appeal from judgment denying relief on another ground.**

Whether claim of divorced wife, suing to set aside decree, which approved community proper-

ty settlement, must be denied for want of diligence and sufficient showing of reliance on husband's alleged misrepresentations, cannot be considered on appeal from judgment denying receivership, injunction, and accounting on another ground, in absence of finding by trial court on such issues.

**5. Appeal and error �köm1024(2)—Judgment denying divorced wife's application for receivership, injunction, and accounting because of clause in community property settlement approved by decree, could not be reversed, in absence of sufficient evidence of common-law marriage dissolved by decree.**

In absence of sufficient evidence of plaintiff's common-law marriage, which defendant disputed in his pleadings, judgment denying application for receivership, injunction, and accounting, in suit to set aside divorce decree approving community property settlement, because of clause that agreement was made on each party's responsibility, not on other's representation, cannot be reversed, as not sustained by such clause, though reciting that court would resolve other facts in plaintiff's favor.

**6. Marriage ⊫m13.**

When rights based on alleged common-law marriage are asserted, courts will scrutinize parties' relations closely.

**7. Equity ⊫m65(1).**

Where both parties are equally guilty, equity will relieve neither.

**8. Equity ⊫m65(1).**

One who seeks equity must come into court with clean hands.

**9. Account ⊫m1—Injunction ⊫m135—Receivers ⊫m8.**

Granting of temporary injunction, appointment of receiver, and accounting are largely within court's discretion.

**10. Appeal and error ⊫m854(2).**

Appellate court need not approve reasons on which judgment is founded, in order to affirm it.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Suit by Mrs. Erma Grace Grant against J. W. Grant. From an order denying plaintiff's application for the appointment of a receiver, the issuance of a temporary injunction, and an accounting, she appeals. Affirmed.

Marvin B. Simpson and Frank H. Rawlings, both of Fort Worth, for appellant.

Wynn & Robertson and Brasted & Griffin, all of Fort Worth, for appellee.

CONNER, C. J. This is an appeal from an order of the Ninety-Sixth district court, denying appellant's application for the appointment of a receiver, the issuance of a temporary writ of injunction, and an accounting. So far as we deem it necessary to state, the case made by appellant's application is one in which it appears that appellant, on the 25th day of August, 1925, procured a divorce from appellee, dissolving a common-law marriage alleged to have theretofore existed. The decree approved an agreement made between the parties, settling appellant's alleged rights to community property. There was no appeal from this judgment, but some time later the present suit was instituted to set aside the decree, in so far as it fixed appellant's right to any community property, on the ground that she had been induced to execute the agreement relating thereto by appellee's false and fraudulent representations of the extent and value of the property, and she prayed for the appointment of a receiver, an accounting, and the issuance of a writ of injunction restraining appellee from making any disposition of the property. A full hearing was had, after which appellant's application was denied, and this appeal prosecuted.

The ground upon which the court based the denial of appellant's application is thus stated in the judgment, to wit:

"The court therefore concludes that the plaintiff, Mrs. Erma Grace Grant, is precluded, both in law and in equity, to further maintain this cause of action by virtue of the following provisions of said contract of agreement by plaintiff and defendant: 'This agreement is made by each of said parties, upon their own responsibility, and upon advice of their respective counsel, and not upon the representation made by the other'—but would resolve the other facts in favor of plaintiff for the purpose of this hearing only."

The only contention in behalf of appellant is to the effect that the quoted clause of the agreement does not sustain the judgment, the court having found all other facts in appellant's favor. In support of the contention stated, counsel for appellant cites the very interesting case of Bridger v. Goldsmith, 143 N. Y. 424, 38 N. E. 458, by the Court of Appeals of New York, and decisions of several other states approving the New York decision. We do not want to be understood as disapproving the decision in the case of Bridger v. Goldsmith, when applied to a state of circumstances such as there shown; but every case must be determined upon its own peculiar facts, and we think that the case before us is distinguishable from the one from New York, so strongly relied upon.

[1-3] We know of no reason why a clause of an agreement, such as is under consideration, should not be read and construed in the light of all attending circumstances. In the New York case the contract, which contained a clause similar to the one quoted from the court's judgment herein, was one between two private persons, containing the terms of a purchase and sale of a certain business, fixtures, and other property. It appears without dispute that its execution had been induced by the fraudulent acts and representa-

tions of the defendant, because of which the entire contract was set aside, the court ruling that the clause of the contract mentioned did not estop the plaintiff from showing the fraud. In the case before us there is no specific finding of fraud. It is true the judgment recites that the court "would resolve the other facts in favor of the plaintiff for the purposes of this hearing only," but this is very indefinite. We have no means of knowing what the court "would" have found, in the absence of the provision of the contract held by the court to be conclusive, nor can we know what weight was given by the court to the "other facts" referred to in construing and giving effect to the clause of the contract under consideration. The rules contemplate that a trial court's conclusions or findings, when he makes them, shall show, not only the facts found, but also their legal effect, and it is certain in this case that there is no finding of the legal effect of the facts, so as to enable this court to determine whether the court's conclusions are sustainable in law.

In this case the pleadings and evidence present a number of material questions, besides the legal effect of the clause quoted in the judgment as its basis. As illustrating this, the record discloses that appellant's suit for divorce against appellee was instituted on the 15th day of July, 1925, in which she alleged the existence of a common-law marriage, and that during its continuance appellee had accumulated property of the value of $50,000; the description of which, so far as she was able to give, being substantially the same as given in the present suit, except that in the present suit she alleged its value as $100,000. In the divorce suit, as in this, she prayed for an appointment of a receiver, an accounting, and for the issuance of a writ of injunction to prevent appellee's improper disposal of the same. Appellee pleaded, among other things, that the property referred to in the plaintiff's petition was not community property, but belonged to him alone.

A little later, pending the suit, there was a written agreement entered into between the parties, in which there was no admission on defendant's part of the existence of the common-law marriage, but in settlement of the plaintiff's claim appellee agreed that she might have, under the terms of the agreement, some $5,000 in money. This agreement was executed on July 31, 1925, some 16 days after appellant had instituted her suit, and the trial upon her petition for divorce did not occur, or at least the final decree was not entered, until the 28th day of August, 1925, 28 days after the execution of the written agreement. No facts are relied upon, as we interpret the record, as showing that the agreement was fraudulently procured, except that it is alleged that appellee fraudulently represented the property to be his own, and not community property. There was no effort on appellant's part, during the term of

the court at which the decree of divorce was granted, to set the decree aside, and she accepted and received the amount specified in the agreement in settlement of their controversy over the property. In the present petition appellant alleges, in substance, that she did not ascertain the fraudulent representations of appellee as to the character and extent of the property until after the decree of divorce, when appellee informed her to the effect that he had overreached her in this respect. Whereupon the present suit was later instituted.

[4] It is strongly urged in behalf of appellee in the present suit that appellant had been appellee's stenographer, was necessarily acquainted with his business, that she could not and was not in fact deceived, and in fact received no information relating to the matter not substantially known to her and asserted by appellee prior to the decree of divorce, and that hence her present claim must be denied because of a want of diligence on her part, and a want of a sufficient showing of reliance upon the asserted misrepresentations of appellee. There is no finding on the part of the trial court below upon these issues. We cannot say whether the trial court would or would not have found against appellant thereon.

[5] Again, appellee in his pleadings strongly disputed that there had ever been a legal marriage of any kind, and there was evidence tending to show that while, according to appellant's testimony, they had lived together in Fort Worth for five years or more, she was unable to name but a single person, whose whereabouts were unknown, to whom she had been introduced by appellee as his wife. She testified to the receipt of telegrams and letters addressed to her as such, but they were not exhibited. She testified that she had been so registered at the hotel where they boarded, but the record was not produced, and the house detective and assistant manager testified, and were unable to confirm the fact of the registration asserted, or to recall that appellant had ever been introduced to them as appellee's wife. True, appellant stated that on numerous occasions, on journeys to Pennsylvania and other states, appellant and appellee had traveled together and registered at hotels as husband and wife. But these facts are of themselves possibly explainable on a theory other than that appellee and appellant at the time held toward each other the relation of husband and wife. Upon this issue we have no way of determining what would have been the trial court's finding, in the absence of the clause of the contract upon which the court announced his judgment.

[6] Moreover, the decree attacked in the present suit is not one merely adjusting the right of private litigants, but one in which the public is also interested. Mr. Bishop, in his work on Marriage and Divorce (volume 2, § 480), says:

"Marriage being a public institution of universal concern, and each individual marriage or its dissolution affecting the rights, not only of the husband and wife, but of all other persons, the court sitting in a divorce cause should regard the public as a party thereto, and so far protect its interests as not to suffer the decree for dissolution or suspension to pass contrary to the real facts and justice of the case."

In section 489 he further says:

"A divorce suit is a civil proceeding, founded on a matrimonial wrong, wherein the married parties are plaintiff and defendant, and the government, or public, occupies, without being mentioned in the pleadings, the position of a third party, resulting in a triangle and otherwise sui generis action of tort."

In 18 R. C. L. p. 383, the following is said: ⸲ "Marriage is something more than an ordinary civil contract, for it creates a social status or relation between the contracting parties, in which not only they, but the state as well, is interested, and involves a personal union of those participating in it of a character unknown to any other human relation, and having more to do with the morals and civilization of a people than any other institution."

Hence it is that, when rights are asserted and based upon an alleged common-law marriage, the courts will scrutinize the relation of the parties closely. The requirements of a common-law marriage need not be discussed nor determined in this opinion, but reference to the cases will show that they are strict. See Reed v. State, 95 Tex. Cr. R. 492, 255 S. W. 619; Berger v. Kirby, 105 Tex. 611, 153 S. W. 1130, 51 L. R. A. (N. S.) 182; Bell v. Southern Casualty Co. (Tex. Civ. App.) 267 S. W. 531; U. S. Fidelity & Guaranty Co. v. Dowdle (Tex. Civ. App.) 269 S. W. 119.

[7] Appellee's pleadings distinctly present the issue of no marriage, and allege that the decree of divorce was procured upon false and perjured testimony, and on this ground seek to vacate the entire decree and to recover the sums paid appellant thereunder. There was developed upon the trial below circumstances from which inferences tending to support such allegations might possibly be drawn, but the court below made no specific finding of the issues so presented, and we cannot say the circumstances referred to were not given weight, in construing the effect of the clause of the contract made the basis in his judgment herein. If in fact there was no common-law marriage, then the intercourse between the parties, as indicated in some of the evidence, was not of a character to enlist the interest of a court of equity, for, while a court of equity will on swift wings fly to relieve the innocent from wrong and injury, it travels with leaded feet and turns a deaf ear, when called on to furnish a cloak of righteousness to cover sin, and, where both parties are equally guilty, neither can be said to come with clean hands, and the court will relieve neither, but leave the parties where they are found.

[8-10] We do not wish to be understood as having determined any of the issues indicated, inasmuch as the case has not been tried on its merits, and we do not wish to prejudice either side in our discussion. We have merely referred to the issues and the evidence, which perhaps tends to support them, to indicate that we are not satisfied in the state of the record to reverse the judgment of the trial court denying appellant's application. It is an axiom of equity that one who seeks equity must come into court with clean hands, and the question of whether the court shall grant a temporary injunction, the appointment of a receiver, and an accounting, equitable remedies in their nature, is one largely within the discretion of the court, and, as already indicated, we have been unable, after a careful consideration of the evidence and the record before us, to say that the judgment of the trial court is erroneous, for this court in the present proceeding is not necessarily bound to approve the reasons upon which it may appear the judgment below is founded. See Hillsman v. Cline (Tex. Civ. App.) 145 S. W. 726; Graves v. O'Neil & Sons (Tex. Civ. App.) 189 S. W. 778.

Judgment affirmed.