Bobby Jean POTTER, Appellant,

v.

William John POTTER, Appellee.

No. 15762.

Court of Civil Appeals of Texas.

Dallas.

Feb. 10, 1961.

Burt Barr, Dallas, for appellant.

M. J. McNicholas, Dallas, for appellee.

YOUNG, Justice.

By Bill of Review filed September 30, 1959, appellant Bobby Jean Potter sought to declare void and hold for naught a judgment of divorce brought by her against Potter and rendered in her favor of date March 16, 1959; such Bill of Review being denied upon hearing of December 11, 1959 with this appeal.

The Potters had been living together perforce of a purported common-law marriage since November 1954; the March 1959 judgment of divorce otherwise dividing their community property, awarding custody of the 2-year child, born of the union, to petitioner Bobby Jean Potter, ordering child support of defendant at $10 per week and granting him the right of reasonable visitation to their child, Fred William Potter.

In her Bill of Review appellant had alleged that when the parties began living together in 1954, defendant William John Potter was then married to one Lucille B. Potter, from whom he did not obtain a divorce until May 1958; and hence there could have been no valid marriage contract entered into between these parties in 1954, same being wholly void; alleging that since Potter's divorce in 1958 from his previous wife, there had been no agreement between petitioner and said Potter constituting a common-law marriage nor had there been any ceremonial marriage between said parties. Petitioner further alleged that at beginning of her relationship with defendant, she did not know of defendant's previous marriage, he keeping this fact concealed from her; that had she known the true facts she would not have entered into the initial marital relationship, discovering same after the March 1959 judgment of divorce. Sole object of the Bill of Review was admittedly to cut off all parental rights of defendant Potter to their child.

Although petitioner denied the fact, there is ample testimony in the 121-page statement of facts to effect that she had knowledge of the Lucille Potter impediment as early as 1957; continuing to live with William John Potter as his wife after this legal impediment had been removed until she herself finally divorced Potter by the judgment of March 16, 1959. Even in appellant's own cross-examination she stated: "Q. From May of '58 until December of '58 did you consider yourself to be the lawful wife of Bill Potter here? A. We just continued as we had before;" having also testified that before May 1958 she had held out to the whole world that they were husband and wife. The facts of this record place appellant well within the rule followed in Shelton v. Balknap, 155 Tex. 37, 282 S.W.2d 682 (Syl. 6), that "relationship of parties, living together as man and wife, which was begun in illegality, could become valid marriage if there was no legal impediment and if statements of the parties and subsequent acts and conduct would support an inference of an implied agreement to become man and wife." See also Curtin v. State, 155 Tex. Cr.R. 625, 238 S.W.2d 187 (Syl. 3), holding that: "In prosecution for wilful neglect to support three children under 16 years of age, fact that mother and defendant continued living together as husband and wife following the removal of impediment by divorce decree was sufficient to show a common law marriage."

Appellant is also precluded from claiming nullity of the March 1959 judgment on the principle of estoppel. See 15-A Tex.Jur. p. 717, § 130 stating that: "a plaintiff cannot on appeal claim the nullity of a decree in his favor since he

invoked the jurisdiction of the court and asked its rendition. In any event, a successful plaintiff is estopped to question a divorce decree in his favor which the court had jurisdiction to render and which is supported by the pleadings and evidence."

Judgment of the trial court is accordingly affirmed.