**Albert FRIEDMAN, Appellant,**

**v.**

**Aaron J. COHEN, Appellee.**

**No. 14833.**

Court of Civil Appeals of Texas.

Houston.

June 9, 1966.

 

Knight, Prappas, Rowland & Caldwell, Ellis F. Morris, Houston, Harry H. Brochstein, Houston, of counsel, for appellant.

Fred Parks and Ruby Sondock, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment of the trial court sustaining what appellee denominates special exceptions which were asserted against appellant's second amended original petition and dismissing the cause with prejudice.

In the petition it is alleged that Cohen, the appellee, and Friedman, the appellant, entered into an agreement concerning a certain invention known as "production of burnt clay and flexible road base material." We hereafter refer to the undertaking as "burnt clay project." Appellant was to have the right, under the agreement, to pay the expenses involved in obtaining a patent and if he did pay the expense the appellant and appellee were to own the invention share and share alike. It is alleged that the expenses "paid" by appellant included that involved in ultimately obtaining a patent in the United States for the "burnt clay project."

Appellant alleged that "a part of said agreement" was set forth in a letter from appellee to appellant dated June 15, 1961. The letter is not quoted in its entirety in the petition nor is it attached to the petition as an exhibit. The quoted parts are as follows:

"If you choose to continue the patent work according to their (Jacobi and Jacobi of Washington, D. C.) recommendations and pay all expenses involved therein, then you and I will participate, share and share alike, in all proceeds from the project."

It is then alleged that the letter recognized that a man named Clay, who was also named a party defendant, would be entitled, according to the terms of the letter, to a 1% interest, though his interest was to be de-

termined by the court. The petition then quotes this provision of the letter:

"If, for any reason you (Friedman, the appellant) decide to abandon the project before it is completed, your participation in the project will be limited to 1% for each $500.00 spent subsequent to the date of this letter, such participation never to exceed 50%." Friedman signed the letter June 20, 1961.

The petition then alleges that the letter did not constitute the entire agreement but the agreement referred to work in connection with obtaining a United States patent and the expenses to be paid by appellant were in connection with obtaining the United States patent.

Appellant then alleges that in compliance with the agreement and at appellee Cohen's request appellant paid the expenses contemplated by the agreement and they amounted to $1,350.00 and that this led to the issuance of a United States patent.

Appellant alleges that after Cohen received notice of the issuance of such patent and after Friedman had fully performed his part of the agreement, Cohen demanded that appellant pay an additional $16,000.00 or $17,000.00 for the purpose of obtaining foreign patents on the burnt clay project. Cohen contended appellant was obligated to do this before he could share on an equal basis in the project and if said amount was not paid appellant's interest would be limited to 1% for each $500.00 advanced.

Appellant alleged it was never understood, contemplated or agreed that he would be called upon to pay costs of obtaining foreign patents but his payment of the expense of obtaining a United States patent entitled him to share equally with Cohen.

Allegation is that Cohen refuses to comply with the agreement.

Alternatively, appellant alleged there were ambiguities in the letter that made necessary the introduction of extrinsic evidence to ascertain the true intent of the parties.

Prayer was that the court declare the rights between the parties and that appellant obtain specific performance of the contract as it is alleged to be by appellant.

Appellee Cohen filed a general denial.

On December 16, 1965, appellee filed what is denominated "Defendant's First Supplemental Answer". It contained the following allegations that are denominated "special exceptions":

"The defendant specially excepts to Plaintiff's Second Amended Original Petition in its entirety for the following good and sufficient reasons:

"(a) The letter agreement dated June 15, 1961, entered into by and between Albert Friedman, Plaintiff, and Aaron J. Cohen, Defendant, (a copy of which agreement is attached hereto and incorporated by reference herein as though set out verbatim) is free of ambiguity from the language used therein and it is plain, clear and unambiguous and its construction therefore, is a matter of law for the court.

"(b) It will be the duty of the Trial Court, if there be a jury trial herein, to instruct the jury on the meaning of the letter agreement, and in such event it will in turn be the duty of the jury to accept without question the construction placed on the agreement by the Court.

"(c) There is no question of fact for the jury presented in this lawsuit.

"Wherefore, premises considered, this Defendant prays that the foregoing Special Exceptions be in all things sustained and that this cause be dismissed with prejudice."

The judgment of the court recited that the hearing was on the special exceptions (a), (b) and (c) contained in the Defendant's First Supplemental Answer. It recited that the court having considered Plaintiff's Second Amended Original Petition, Defendant's Supplemental Answer, together with the exhibit attached thereto and having heard the comments and argument of counsel relative to the exceptions, was of the opinion the letter agreement was clear, understandable and unambiguous and that the "Defendant's Special Exceptions (a), (b) and (c) should be sustained and Plaintiff's suit should be dismissed with prejudice." The judgment then expressly dismissed the cause of action with prejudice.

We are of the view that the trial court was in error in sustaining what are called special exceptions and dismissing the cause of action with prejudice.

In the first place, the appellant in his second amended original petition stated a cause of action which if proven would entitle him to share equally in the burnt clay project with Cohen, the appellee.

In the second place, so-called "Special Exception (a)" is not a special exception at all. Apparently its purpose was to assert that the letter of June 15, 1961 was unambiguous and showed as a matter of law that appellant was not entitled to recover as he alleged. However, when it is considered with the language "the Defendant specially excepts to Plaintiff's Second Amended Original Petition in its entirety for the following good and sufficient reasons" and then states the letter agreement *"a copy of which agreement is attached hereto and incorporated by reference herein as though set out verbatim"* (emphasis ours) is free from ambiguity, Defendant is not properly testing the sufficiency of the allegations of appellant's pleading at all. The letter, as such, was not a part of the appellant's petition. He merely gave its substance and as given it states a cause of action. The substance of what appellee's so-called special exception does is to state generally, though somewhat inarticulately, that appellant cannot recover on his petition. The real effect is that Exception (a), is, when combined with the above quoted opening paragraph of his supplemental answer, a general and speaking demurrer. It is general because it in effect generally excepts to the petition. Paragraph (a) speaks because it does not point to a defect in the appellant's petition, but it goes outside of the petition and sets up a matter on which he relies for a defense. General demurrers, have been abolished and speaking demurrers were never valid. Rule 90, Texas Rules of Civil Procedure; Riley v. Gray, 275 S.W.2d 171 (CCA), n. w. h.; Harold v. Houston Yacht Club, 380 S.W.2d 184 (CCA); McDonald, Texas Civil Practice, Sec. 7.22; Kelley v. Wright, 144 Tex. 114, 188 S.W.2d 983.

We think so-called Exceptions (b) and (c) are no more than assertions of substantive defenses.

Appellee contends that even if there was error in sustaining the exceptions, the error was harmless and cites Kelley v. Wright, supra, and Lederman v. Cunningham, 283 S.W.2d 108 (CCA), n. w. h. Those cases are inapplicable. In the Kelley case the court stated while the trial court had improperly sustained a general demurrer because such had been abolished, it would not reverse because it appeared as a matter of law that appellant could not plead a good cause of action. The Lederman case held the same for the same reason, where the trial court had erroneously stricken a pleading of nuisance on a "motion to strike" that was too general.

We have no such case here. A sufficient cause was pled. Too, if we consider the letter set up by appellee, it does not as a matter of law refute appellant's cause of action as stated in his second amended original petition.

Reversed and remanded.