Jeanne McFARLAND, Appellant,

v.

William Clark REYNOLDS, Appellee.

No. 882.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1974.

622

Robert L. Galligan, Rankin, Kern & Martinez, McAllen, for appellant.

James S. Bates, Bates & Hendrix, Edinburg, for appellee.

## OPINION

BISSETT, Justice.

This is a suit in the nature of a bill of review to set aside the property disposition made in a prior divorce decree, to obtain an equitable division of community property, and to modify the child custody provisions of the decree. Alternatively, plaintiff seeks the present custody of the minor children. The present suit was instituted by Jeanne Reynolds against her former husband, William Clark Reynolds. Both parties had remarried at the time plaintiff's "Second Amended Original Bill of Review" was filed. Jeanne Reynolds is now Jeanne McFarland. She does not contest that part of the judgment which divorced her from appellee.

William Clark Reynolds filed a motion denominated "Motion to Strike Plaintiff's Second Amended Original Bill of Review", wherein he prayed that the pleading be stricken in its entirety. The trial court sustained the motion, and when Jeanne McFarland declined to amend, dismissed the action "with prejudice".

The record in this appeal consists of the original divorce decree, appellant's "Second Amended Original Bill of Review", hereinafter referred to as "pleading", appellee's motion to strike, and the judgment of dismissal. Appellee's motion is necessarily directed solely to the adequacy of appellant's pleading as a matter of law. The only question here presented is whether or not appellant has *alleged* sufficient cause for a bill of review.

The rules applicable to a bill of review were laid down by our Supreme Court in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950). They were restated and thoroughly discussed in Hanks v. Rosser, 378 S.W.2d 31 (Tex.Sup.1964); in Gracey v. West, 422 S.W.2d 913 (Tex. Sup.1968), and in French v. Brown, 424 S.W.2d 893 (Tex.Sup.1967). Three matters must be alleged and proved in order for a losing party to successfully set aside a final judgment by a bill of review; they are: 1) a meritorious claim or defense, 2) which petitioner was prevented from making in the prior proceeding by fraud, accident or wrongful conduct of the opposite party, 3) unmixed with any fault or negligence on the part of petitioner. Since the proceedings in the trial court never reached the proof stage, we look only to appellant's pleading to see if the three elements or requisites are alleged. If so, then the pleading is sufficient as a matter of law.

In the case at bar, an agreed judgment was rendered in the original divorce action between the parties in the 139th District Court of Hidalgo County, Texas on July 14, 1970, whereby appellant was divorced from appellee, custody of the parties' three minor children was given to appellee, and all of the community property was awarded to appellee on condition that he pay all community debts. The judgment was not appealed and became final. Thereafter, appellant timely filed a bill of review.

Appellant's pleading consists of two counts. The allegations for a bill of review are found in Count I. Appellant, in Count I, alleged that appellee secured her consent to the entry of the judgment through fraud; that prior to July 14, 1970, the parties had discussed a reconciliation and appellant had agreed to dismiss the then pending divorce suit, but on that date

(July 14, 1970), appellee told plaintiff the only way a reconciliation could be effected would be for her to permit a judgment to be entered that would grant her the divorce, give appellee custody of the minor children, and award him all of their community property; that if she would agree thereto, "it would be the same as they had agreed upon before", that she would not have to move from their home, that he would remarry her "within two (2) weeks, or a month at the latest"; that as a result of their remarriage she would continue to own the same interest in their community property as she owned prior to the divorce; and that she did not have any interest in the community property then owned by them because the debts exceeded the assets.

Appellant further alleged that when she asked the reason why a reconciliation could only be had on the terms dictated by appellee, that appellee told her he had been advised that unless he effected their reconciliation in this manner that the cause of action he had pending against a third party for alienation of appellant's affections "would be untenable and he would have no chance for recovery". Appellant then alleged that she "agreed to said reconciliation in accordance with defendant's demands and conditions", and that she relied upon appellee's representations. She also alleged that but for those representations she would not have made the agreement with appellee and would not have consented to the entry of the judgment; and, that the judgment was not entered through any fault or negligence on her part.

Appellant's pleading is verified; appellee's motion to strike is not. Appellee particularly alleged in his motion that the pleading "is insufficient as a matter of law and does not allege actionable fraud or injury upon which recovery may be based", and "said false and fraudulent representations alleged by the plaintiff . . . are further immaterial to the cause at hand". He also alleged that appellant, by her pleading, "admitted" that she had accepted a benefit under the divorce decree, and by her acceptance of the benefits of the judgment of the court, of remarriage, and of the disposition of their community property by allowing appellee to assume all community debts, is estopped from attacking the judgment; and, that appellant consented, procured, induced and agreed to the entry of the original divorce decree.

■■ The existence of fraud is a question of fact for the trier of facts. Drinkard v. Ingram, 21 Tex. 650 (1858); Graham v. Roder, 5 Tex. 141 (1849); Young v. Texas Employers' Insurance Association, 488 S.W.2d 551 (Tex.Civ.App.—Waco 1972, n. w. h.); 26 Tex.Jur.2d., Fraud and Deceit, § 140. A property settlement agreement reached by and between the parties in a divorce action is subject to being set aside because of extrinsic fraud. McMurry v. McMurry, 67 Tex. 665, 4 S. W. 357 (1887); Swearingen v. Swearingen, 193 S.W. 442 (Tex.Civ.App.—San Antonio 1917, writ ref'd); Ralls v. Ralls, 256 S.W. 688, 695 (Tex.Civ.App.—Amarillo 1923, writ dism'd).

■ In order to set aside an agreed judgment, or any part thereof, because of fraud, it is essential that the fraud be extrinsic and not intrinsic. O'Meara v. O'Meara, 181 S.W.2d 891 (Tex.Civ.App.—San Antonio 1944, writ ref'd); 34 Tex. Jur.2d, Judgments, § 205. Extrinsic fraud exists where a litigant "has been misled by his adversary by fraud or deception". Alexander v. Hagedorn, supra.

There is nothing in the record before us which substantiates appellee's allegations that appellant "procured" or "induced" the entry of the agreed judgment, or that appellant alone testified at the trial on the merits of the divorce action, as stated by appellee in his brief. We do not find that appellant "admitted" in her pleading that she has accepted a benefit under the judgment.

■ In addition to the foregoing allegations contained in appellant's pleading, ap-

pellant also alleged, in effect, that appellee concealed from her the true facts relating to the community property, and misrepresented to her the real value of the community estate and the amount of the community debts. Those allegations do not relate to issues determined by the trial court in the previous trial but relate to false representations made prior to the trial with the result that the actual community property was not before the court for rendition of a judgment which would partition the same between the parties in an equitable manner. Novy v. Novy, 231 S.W.2d 780 (Tex.Civ. App.—Austin 1950, writ dism'd). Appellee's representations as to the nature and extent of the community estate, if false, must be treated as, a species of extrinsic fraud. Wright v. Wright, 7 Tex. 526 (1852); Brownson v. New, 259 S.W.2d 277 (Tex.Civ.App.—San Antonio 1953, writ dism'd).

■ A person who remarries after having been divorced, may seek a review of other provisions contained in the decree of divorce, even though that person would be precluded from seeking a review of that portion of the decree which dissolved the marriage. Alderson v. Alderson, 281 N.E. 2d 82 (Ind.Sup.1972); Olson v. Olson, 180 N.W.2d 427 (Iowa Sup.1970); Brackin v. Brackin, 182 So.2d 1 (Fla.Sup.1966); Forest v. Forest, 9 Ill.App.3d 111, 291 N.E.2d 880 (1973). In this case, the acceptance by appellant of the community property disposition made in the judgment that terminated the marriage pursuant to an agreement with appellee does not estop her, as a matter of law, from a review of that disposition if she was led into the agreement through fraud and misrepresentation on the part of appellee and through no fault or negligence on her part. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950); Dudley v. Lawler 468 S.W.2d 160 (Tex.Civ. App.—Waco 1971, n. w. h.); Eldridge v. Eldridge, 259 S.W. 209 (Tex.Civ.App.— San Antonio 1924, n. w. h.).

■ The judgment of dismissal cannot be affirmed on the ground that the record conclusively shows that appellant is estopped from contesting the prior judgment. The ground of estoppel by the acceptance of benefits is a matter of affirmative defense to appellant's action and cannot be urged to test the sufficiency of appellant's pleading.

Appellant particularly alleged that an appeal from the judgment in the divorce proceeding because of appellee's fraud was not available to her for the reason that she did not discover the fraud until after the time for perfecting such an appeal had elapsed. The reasons advanced in appellant's petition for a bill of review are sufficient to excuse her failure to timely ask for a new trial or invoke her right of appeal.

Appellee, in his brief, argues that appellant's pleading is legally insufficient because appellant participated in a fraud on the court when she "procured the entry of the decree of divorce, and that its purpose was reconciliation". He relies primarily upon Potter v. Potter, 342 S.W.2d 800 (Tex.Civ.App.—Dallas 1961, n. w. h.); Radford v. Radford, 42 S.W.2d 1060 (Tex.Civ.App.—Texarkana 1931, n. w. h.); Grant v. Grant, 286 S.W. 647 (Tex.Civ. App.—Fort Worth 1926, n. w. h.), and Moor v. Moor, 63 S.W. 347 (Tex.Civ.App. 1901, writ ref'd). None of those cases are in point. In each case, the petitioner, by a bill of review, attempted to set aside a judgment in his favor that divorced the parties. That is not the case here. Appellant, in this action, does not question or attempt to impeach the verity of the decree of divorce, nor does she deny or impugn the grounds on which the divorce was granted. Whether or not appellant made fraudulent representations to the court that caused the court to grant her a divorce is not properly before us in this appeal. Appellee, in his motion, does not contend that appellant is estopped because of fraudulent representations made to the court concerning the grounds for divorce, nor does he contend,

expressly or by implication, that appellant perpetrated a fraud upon the court. The fraud which is alleged by appellant consists of extrinsic acts not examined and determined in the divorce proceedings. That appellant agreed to go forward with her divorce action, the result of which might aid appellee in his suit for alienation of affections, had nothing to do with the representations made by appellee on July 14, 1970 as to the status of the community property that was then owned by the parties.

The issue of fraud on the part of appellee, the claim by appellant that the parties owned substantial community property prior to July ·14, 1970, the question of negligence or fault of appellant, and the matter of estoppel should be tried together in a single trial in which every issue must be disposed of, and relief denied or granted. Ivy v. Carrell, 407 S.W.2d 212 (Tex.Sup. 1966).

In our opinion, a determination of factual issues by the trier of facts is required by the record before us. It cannot be determined as a matter of law whether the representations, if any, made by appellee concerning the extent and value of the community property rendered them actionable or not. The record does not show unequivocally that appellant is chargeable with fault or negligence which would conclusively bar her action for review of the disposition made of the community property in the divorce decree, nor does it show, as a matter of law, that appellant perpetrated a fraud upon the court when she consented and agreed to the entry of the original judgment. We conclude that appellant's pleading was not insufficient as a matter of law. Actionable fraud on the part of appellee was alleged. The pleading shows sufficient cause for relief by bill of review. Appellant's points 1, 5, 6, 8, 11, 12, 19, 25, 31 and 32 are sustained.

There are other reasons why the judgment of the trial court must be reversed. Appellee has challenged the sufficiency of appellant's pleading on two grounds, and two grounds only; they are: 1) it is insufficient as a matter of law, and 2) appellant, having accepted a benefit by the judgment, is estopped from questioning it.

A motion that a whole pleading be stricken is the equivalent of a general objection by exception or demurrer. 45 Tex.Jur.2d, Pleading, § 128. The proper way for a defendant to urge that a plaintiff has failed to plead a cause of action is by special exception. McDonald, Texas Civil Practice, Vol. 2, § 7.18. General demurrers shall not be used. Rule 90, Texas Rules of Civil Procedure.

If a defendant's pleading does not limit itself to the allegations of the plaintiff's petition and point out defects therein but states factual propositions or conclusions that do not appear in the petition itself, it is a "speaking demurrer" which has never been permitted by our Rules of Civil Procedure, past or present. McDonald, Texas Civil Practice, Vol. 2, § 7.22. Factual allegations in a defendant's motion that challenge a plaintiff's right to maintain the action because the petition is insufficient as a matter of law should be ignored in passing on the sufficiency of plaintiff's pleading. If the defendant must rely on extrinsic facts, he must plead those facts by a plea in abatement or in bar, and not by special exception. Here, appellee's motion cannot be considered as a plea in abatement.

Generally speaking, the office of a special exception is to furnish the adverse party a means by which he may force clarification of and specifications in pleadings that are vague, indefinite or uncertain. Rule 91, T.R.C.P.; Farias v. Besteiro, 435 S.W.2d 314 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.). A special exception may also question the sufficiency in law of the plaintiff's petition. The allegations of a petition must be accepted as true in testing its sufficiency by special exception. City of Roma v.

Starr County, 428 S.W.2d 851 (Tex.Civ. App.—San Antonio 1968, writ ref'd n. r. e.); Grimes v. Talbot, 233 S.W.2d 206 (Tex. Civ.App.—Galveston 1950, writ ref'd n. r. e.).

■■ Appellee's motion cannot be construed as a motion for judgment on the pleadings. The judgment complained of in this appeal was one of dismissal and not a judgment on the pleadings. Fundamental error is not disclosed. Therefore, we look only to the matters alleged by appellee in his motion in determining whether appellant has pled a cause of action We indulge in no presumptions or inferences.

The motion was no more than a broadside attack on appellant's pleading generally and did not point out with particularity the defect, omission, obscurity, duplicity, generality or other insufficiency in appellant's pleading, as required by Rule 91. Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983 (1945); McCamey v. Kinnear, 484 S. W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.); Friedman v. Cohen, 404 S.W.2d 372 (Tex.Civ.App.—Houston 1966, n. w. h.); Riley v. Gray, 275 S.W.2d 171 (Tex.Civ.App.—Waco 1955, n. w. h.). Appellee does not direct attention to where in appellant's pleading, she "admitted" that she had accepted a benefit under the prior judgment. Nowhere does appellee assign any reasons why appellant's allegations are "immaterial to the cause at hand".

■■ Appellee, in paragraphs II, III, IV, V and VII of his motion, pleads estoppel as a bar to appellant's action. Neither the judgment sought to be reviewed nor appellant's pleading afford any basis for a holding as a matter of law that appellant was estopped to have the judgment reviewed. In paragraph II it is averred that it was appellant who "procured" and "induced" the "entry of the original order". In that respect, the paragraph is a "speaking demurrer" since a fact issue is injected into the proceeding. We treat those paragraphs as special exceptions.

The only reason assigned in the motion for Count I of appellant's pleading being insufficient as a matter of law is the assertion in paragraphs I and VI that the pleading "does not allege actionable fraud". We treat those paragraphs as a motion to strike the whole pleading. 45 Tex.Jur.2d, Pleading § 128. We have already held contra to appellant's contention and will not discuss it further. We consider the motion only to as to what has been explicitly alleged. The motion as a special exception is fatally defective. Appellant's points 2, 4, 10, 13, 14, 15, 16, 18, 20, 21, 23, 24, 33 and 35 are sustained.

Appellant further alleged in Count II of her pleading that "since the entry of said judgment and decree of divorce there has been and there is a change in circumstances and conditions regarding the welfare, care custody and education of said above named minor children". She then alleged that following the entry of judgment, appellee forcibly ejected her from her home, would not permit her to see the children, placed the children in the care of a maid from Mexico, and permitted the youngest child to live in unsanitary conditions; that she had remarried since the divorce, was in a position to give the children a proper home, and that the welfare of the children required that they be placed with her.

Appellee, in paragraph VIII of his motion moved to strike Count II of appellant's pleading for the reason that the allegations "are insufficient as a matter of law as to the change of custody in that it in no way alleges or reflects a material change of circumstances such as are required under the law".

■■ Appellant, in Count I of her pleading, did ask for a review of the child custody provisions which were made in the original decree. However in Count II, in the alternative, she asked "if said judgment not be set aside" that she be granted the (present) care and custody of the minor children and that appellee be required

to support them. Appellee did not attempt to sever Count I from Count II; instead, he moved to strike the pleading in its entirety. In that state of the record, it was reversible error for the trial court to sustain the motion and to order appellant's pleading stricken in its entirety, because, irrespective and independent of Count I, appellant, in Count II, did allege facts amounting to material changes of circumstances which were sufficient, if true, to justify the granting of custody of the children to her. Tex. Family Code Ann., § 14.08, U.T.C.A. The pleading is not inadequate in this respect as a matter of law and the trial court should not have dismissed "with prejudice" Count II of appellant's pleading for the reason assigned by appellee in his motion. Paragraph VIII of appellee's motion is nothing more than either a general demurrer or a denial. In either case, it should not have been sustained. Appellant's points 27, 28, 29 and 30 are sustained.

Nothing contained herein shall be construed as any indication that appellant has, in any way, proved her allegations. The question of proof of those allegations was not before the trial court and is not before us in this appeal. We express no opinion thereon.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

NYE, Chief Justice (dissenting).

I respectfully dissent because the reversal of this judgment would permit the prior joint fraudulent conduct of the parties to this appeal to be further perpetrated on the trial court.

Jeanne McFarland (her present remarried name), formerly Jeanne Reynolds, was the plaintiff in an original divorce action against William Clark Reynolds, the defendant hereafter called ex-husband. Jeanne McFarland was also the plaintiff in this bill of review, naming her ex-husband as defendant. Her petition for bill of review was dismissed by the trial court. She appeals. Jeanne McFarland is hereafter called ex-wife.

I disagree with the majority opinion and would affirm the trial court's judgment dismissing ex-wife's bill of review for the following reasons:

1. The ex-wife in her sworn pleading admits that she procured, induced, agreed and consented with the entry of the original divorce decree which amounted to a fraud on the trial court. This precludes her from bringing the equitable action in the nature of a bill of review to set aside that judgment.

2. The ex-wife, as the moving party and the only testifying party to the original divorce action, having caused the trial court to render a decree in her favor, is now estopped from claiming that a part of such judgment should be set aside.

3. The ex-wife is further estopped from asserting the prior judgment's invalidity by her own admissions of accepting the benefits under the prior judgment.

4. The ex-wife admits as a matter of law that she was negligent in allowing the divorce decree to become final and in not using diligence by filing a motion for new trial or an appeal within the proper time limits after entry of the divorce decree.

5. The ex-wife's only claimed relief for a change of custody of the minor children involved facts, which she admits occurred after the divorce decree was entered. This would require her to file a separate suit rather than seeking an appeal.

6. The ex-wife's bill of review does not show that the alleged fraud of her ex-husband was wholly unmixed with fault or negligence on her part. She has failed to show or allege that a different result would be obtained by a new trial.

7. The petition for a bill of review was defective because the pleadings and issues of the former suit and the result of the

former suit were not set forth distinctly and clearly.

8. The ex-wife has failed to exhaust her legal remedies prior to bringing the bill of review as is required by law.

The rule is well established in Texas that in order to obtain a new trial after the expiration of the term, something more must be plead and shown, other than the fact that an injustice has been done. It must be made to appear that all of the following is present:

(1) that the former judgment was not caused by any negligence on she who seeks to set it aside, but that diligence was used to prevent it; (this was not shown)

(2) that she has a good defense to the action which she was prevented from making by fraud, accident or the acts of the opposing party wholly unmixed with any fault or negligence of her own; (her fault and negligence was admitted in her affidavit)

(3) that there is a good cause to believe that a different result will be obtained by a new trial; (this was not plead or shown)

(4) that the pleadings and issues of the former suit and its result are set out in the bill of review distinctly and clearly; (the former pleadings were not attached or set out) and,

(5) that she used due diligence to avail herself of all legal remedies against the former judgment and at the time she filed the bill of review, there remained no adequate remedy still available. (other remedies were available but not sought). Johnson v. Templeton, 60 Tex. 238 (1883); Nevins v. McKee, 61 Tex. 412 (1884); Alexander v. Hagedorn, 148 Tex. 565, 226 S. W.2d 996 (1950); 4 McDonald, Tex.Civil Practice, Section 18.27.6.

It has long been established that bills of review seeking relief from a final judgment which were solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction are always watched in our equity courts and on appeal with extreme jealousy. The grounds upon which interference will be allowed are narrow and restricted.

At the outset it must be pointed out that the Honorable Fidencio M. Guerra, Judge of the 139th District Court of Hidalgo County, was the trial judge who rendered the original granting the divorce decree to the ex-wife. He was the same trial judge who heard the ex-wife's defensive argument (through her attorneys) on the ex-husband's motion to strike her second amended original bill of review. The court, after considering the motion, the briefs and arguments in support of the motion, was of the opinion that the motion to strike the ex-wife's bill of review was well taken and that the same should be granted. I agree with the trial court's ruling.

First, we consider the agreement of the ex-wife and ex-husband before the divorce was granted as to whether it constitutes a fraud on the trial court.

The first question is whether the ex-husband made false representations which induced the ex-wife to enter into the agreement to get the divorce "wholly unmixed with any fraud or negligence on her part". If a fraudulent agreement was entered into with both parties participating in it, then the ex-wife is prevented from invoking the equitable relief under the well known maxim that: "he who comes into equity, must come with clean hands". It has long been the rule of our equitable courts that they will not adjust difficulties between wrongdoers, but will leave them as they found them.

Undoubtedly, the trial court could take judicial knowledge of the facts which were presented and known to him in the prior hearing, but he and we are relegated to a review from the record before us since the trial court's action in dismissing her bill of review was based on the ex-wife's pleadings. Attached to her bill of review is a

sworn affidavit properly executed in which she states that:

" . . . she has read the above and foregoing Petition and that the matters and facts set forth therein are true and correct."

Because such pleading was sworn to, statements made within such pleading are conclusive against the ex-wife and a fact determination is unnecessary.

First, looking at the final divorce decree signed and approved personally by the parties and by their attorneys, the following statements appear therein.

" . . . and came the Plaintiff, JEANNE REYNOLDS, *in her own proper person,* and by and through her attorney of record, . . and Defendant, William Clark Reynolds, appeared by and through his attorney . . . and after having heard the *testimony of the witnesses, representations* and arguments of counsel, the Court was, and is of the opinion that the *material allegations in Plaintiff's petition were established by clear and satisfactory evidence* and that Plaintiff should be granted a divorce of and from the Defendant;

\* \* \* \* \* \*

. . . that the best interest of said children will be served if they be awarded into the custody of the Defendant, William Clark Reynolds.

\* \* \* \* \* \*

. . . that all property of whatever nature, both real, personal and mixed, be awarded to the Defendant, WILLIAM CLARK REYNOLDS as his sole and separate property *on the condition that he shall dispose of all of the liabilities of these parties of whatever nature,* and all parties are *directed* to execute such documents as may be necessary to effectively transfer such properties to the Defendant under the condition that he accept and discharge all liabilities thereunto pertaining of whatever nature." (Emphasis supplied.)

The decree thus sets out these basic findings that are important:

(1) The ex-wife appeared in person before the court at trial of the divorce;

(2) The ex-husband was not present except by his attorney;

(3) The ex-wife was granted the divorce from her ex-husband upon the evidence she gave;

(4) It was to the best interest of the children that custody be awarded to the ex-husband upon the evidence received by the court at that time; and

(5) That all community property be awarded to the ex-husband, subject to disposition of all community liabilities by him.

The ex-wife now pleads through her equitable bill of review that neither she nor her ex-husband had any intention of abiding by the terms of the divorce. Looking into the fact of appellant's bill of review, it is evident that the ex-wife entered into an agreement with her ex-husband. This is clear from the following statements which the ex-wife swears are true:

(1) That her ex-husband told her that as a result of advice he had received from his attorney that the way the reconciliation could be effected would be for her to permit a judgment to be entered in cause number C–9584 . . . that would

(a) grant her the divorce,

(b) give him the custody of all the minor children of parties; and

(c) award him all of the property if he would dispose of all of the community liabilities. According to her, the ex-husband told and represented to her as facts that if *she would agree to these things and carry them out,* it would be the same as they had agreed upon before, and that she would not have to move from their home at 910 Ebony, Edinburg, Texas; that he would *immediately remarry* her after the divorce; that she would always have the care and custody of the minor children of the par-

ties; and that as a result of their remarriage, she would continue to own the same interest in the community property of the parties that she owned prior to said divorce.

(2) That her ex-husband advised her that all of this was necessary because he had been advised that unless he effected their reconciliation in this manner, the cause of action he had pending in the 139th District Court of Hidalgo County, Texas against Dr. Harold Dean Stephens would be untenable and he would have no chance for recovery.

(3) She swore that after the said above promises and representations had been made to her in the presence of her minister, Dr. George Slayton, she decided to rely thereon and agreed to said reconciliation in accordance with her ex-husband's demand and conditions and to accomplish the same in accordance with his wishes and desires.

(4) That at his request she *did not present the evidence that she had in support of her case, but told the court that the parties had agreed upon custody of the minor children of the parties,* and a *property settlement* because of her reliance upon the above false and fraudulent representation; *that had she not withheld her evidence and made said agreement with defendant* it would have been established that she was entitled to a divorce of and from the ex-husband, as well as the custody of the minor children of the parties and to a division of the parties' property.

(5) That as a result of plaintiff's reliance upon defendant's false and fraudulent representation and inducements, she obtained the divorce at her ex-husband's request. The ex-wife states that because of her ex-husband's false and fraudulent representations, she *withheld from the Court her evidence and permitted the divorce judgment to be entered into in accordance with his proposal to her.* (Emphasis supplied.)

From the above sworn statements it is shown that there is only one reason why the ex-wife withheld the material evidence from the court during the trial of her divorce. Such reason being that unless she went along with the shrewd scheme, her ex-husband would not be able to recover in his alienation of affection suit against Dr. Stephens. It follows that had such agreement as contemplated between the parties been realized, her ex-husband as well as she, would have benefited from any recovered judgment or settlement from Dr. Stephens. She swore that she and her ex-husband intended to remarry *immediately* after the divorce; thus the possibility of the recovery was the only reason for the ex-wife to withhold the material evidence from the court. Such a reason must be considered as denoting a fraudulent intent so as to invoke the jurisdiction of the divorce court in procuring the divorce. The ex-wife by her own admissions approved the entering of the judgment granting her the divorce, giving up her motherly rights to the minor children, at the same time completely disregarding the purpose of the domestic relations court. This is shown in the following instances:

(1) The ex-wife agreed with her ex-husband to bring suit for divorce when in fact the parties' true intention as shown by their agreement was to remarry immediately after the divorce was granted and for her to continue to live in their home.

(2) The ex-wife agreed to give her ex-husband the custody of the children when, according to her, the parties' true intentions were that she would always have the care and custody of the minor children.

(3) The ex-wife agreed to give all the community property to her ex-husband when in fact their true intentions were to retain the same rights in the property they had prior to the divorce and that she would retain possession of the home.

The above circumstances show conclusively that the ex-wife had no intention of respecting the terms of the divorce decree

prior to the decree being entered nor afterwards, but agreed to treat such as a mere sham for the purpose of allowing her ex-husband to have the opportunity to recover against Dr. Stephens. The question as to whether his representations amounted to actionable fraud are not before this Court. An analogy can be shown to better explain this statement. Suppose X and Y enter into an agreement whereby they agree to defraud a third party out of certain money or property. Suppose Y is to receive all the money and property and hold it for both. Suppose Y then takes off with the property without giving X his agreed portion. The question as to whether or not this fraudulent agreement was entered into is not effected by the fact that Y never intended to split the money. Such intention relates to a separate transaction for which a separate cause of action may lie.

If misrepresentations that are relied upon bear actually or potentially on matters in issue in the former trial, it constitutes intrinsic fraud that cannot authorize the vacation of a judgment. Bankston v. Bankston, 251 S.W.2d 768 (Tex.Civ.App. —Dallas 1952, mand. overr.). Where the issue of the property was actually before the original trial court, the issue cannot be relitigated under a bill of review inasmuch as under the circumstances, any false misrepresentations concerning the issue of the property here involved must be classified as intrinsic fraud. 20 Tex.Jur.2d Divorce and Separation, § 255, Bill of Review, p. 584. The fraud the ex-wife complains of was all a part of the fraudulent package that she presented to the trial court as a basis for her bill of review.

It can be concluded then, that the ex-wife did enter into such an agreement with her ex-husband; that such agreement is admitted by her through her sworn pleadings; and that such agreement amounted to a fraud on the court. This is so because the ex-wife's purpose for said divorce suit was not for the purpose of adjudication of the rights between her husband and herself, but to carry out a scheme that would ultimately defraud Dr. Harold Stephens.

Because appellant was a party to the fraud on the court her hands are dirty. She is precluded from asserting an equitable remedy in order to vacate such judgment. "He that hath committed inequity shall not have equity." It must be said that whatever be the nature of the claim and of the relief the ex-wife seeks, if her demand grows out of or depends on, or is inseparably connected with, her own prior fraud, a court of equity will deny her any relief, and will leave her to whatever remedies and defenses, she may have at law. Sanders v. Cauley, 52 Tex.Civ.App. 261, 113 S.W. 560 (1908, n. w. h.). See also 22 Tex.Jur.2d Equity § 46, p. 594. A court of equity will not come to the aid of one who, in the practice of one's fraud, has become the victim of another, but will regard one who has been thus cheated as having cheated himself. 27 Am.Jur.2d Equity § 138, p. 674. The ex-wife asserts that she was the victim of a fraud perpetrated on her by her ex-husband. However, she fails to mention the fraudulent scheme of which she and her former husband committed upon the court which she now begs for relief by appeal. She was a party to the wrongdoing in the transaction out of which this litigation has arisen. The trial court was correct in leaving her where he found her.

The second reason for disagreement with the majority opinion is that the ex-wife, as the moving party in the original divorce action and having judgment rendered in her favor, is now estopped from claiming that such judgment should be set aside. This contention is supported by the equitable maxim "a right cannot arise to anyone out of his own wrong." Humphreys-Mexia Co. v. Arseneaux, 116 Tex. 603, 297 S. W. 225 (1927). See also Jones v. Jimmerson, 302 S.W.2d 161 (Tex.Civ.App.—Texarkana 1957, ref'd n. r. e.). The ex-wife through her admitted voluntary agreement with the ex-husband was to get the divorce, give the custody of children to him

and to give all the property to him if he would pay off all the community debts. Her loss, had she not agreed to act as her ex-husband requested, would be her lack of opportunity to share in the recovery of money from her ex-husband's alienation of affection suit. The underlying agreement was for them to immediately remarry after divorce, (Apparently to keep it a secret); to continue to have the care and custody of the children; and to continue to own the property which she owned prior to the divorce. The divorce was merely for the purpose of giving her ex-husband the opportunity to recover in his alienation of affection suit. Such action constituted a bad faith invocation of the court's jurisdiction. It was said in Potter v. Potter, 342 S.W.2d 800 (Tex.Civ.App.—Dallas 1961, n. w. h.) that:

> "Appellant is also precluded from claiming nullity of the March 1959 judgment on the principal of estoppel . . . 'a plaintiff cannot on appeal claim the nullity of a decree in his favor since he invoked the jurisdiction of the court and asked its rendition. In any event, a successful plaintiff is estopped to question a divorce decree in his favor which the court had jurisdiction to render and which is supported by the pleadings and evidence.'"

The divorce decree in the case at bar was in the ex-wife's favor. She admits that she brought suit for divorce, she is thus estopped to question the judgment in her favor which the court had jurisdiction to render. She was the only party to the divorce who testified.

There is further fraud as is evidenced by the language in the divorce decree, to-wit:

> ". . . the Court was, and is of the opinion that the material allegation in Plaintiff's petition were established by clear and satisfactory evidence and that Plaintiff should be granted a divorce of and from the Defendant;" (emphasis supplied.)

This was in the face of the admitted prior affair she had with Dr. Stephens prior to the divorce. Her now admitted recrimination shows further that she had no grounds for divorce under the old law, Art. 4629, Vernon's Ann.Tex.Civ.St., which was in effect at the time the divorce was granted.

The majority opinion cites three cases which purport to state the following:

> "A person who remarries after having been divorced, may seek a review of other provisions contained in the decree of divorce, even though that person would be precluded from seeking a review of that portion of the decree which dissolved the marriage. . . In this case, the acceptance by appellant of the community property disposition made in the judgment that terminated the marriage pursuant to an agreement with appellee does not estop her, as a matter of law, from a review of that disposition if she was led into the agreement through fraud and misrepresentation on the part of appellee and through no fault or negligence on her part. . . ."

The majority seems to say that the ex-wife, after a fraudulent decree of divorce has been entered, can accept the favorable part, and then later try to vacate the unfavorable part through a bill of review. The Supreme Court in Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950) laid down a general rule applicable to this situation:

> "A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. That is the general rule which appears to be universally recognized. . . The rule is based on the principle of estoppel. It, however, is subject to the exception that '* * * where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, . . .'"

See also Nixon v. Nixon, 348 S.W.2d 438 (Tex.Civ.App.—Houston 1961, dism'd).

The ex-wife in the case at bar is trying to treat the judgment as both right and wrong. She contends that the decree of divorce was right, but the division of the property and grant of custody of the children was wrong. She has voluntarily accepted the benefits of this judgment. She has remarried and has allowed her ex-husband to pay off all the community debts. She does not contest this, but only alleges community property unknown to her at the time of the divorce existed and that she is entitled to a share of the property of the parties. She does not do equity in her pleadings by offering to pay back to the ex-husband the amount he paid in liquidating the debts. The divorce decree grants the ex-husband the custody of children born of the marriage, thus placing the obligation of support and care upon the ex-husband with no offer of help from her.

The ex-wife does not show any justifiable grounds for setting aside the custody of the children which was granted to her ex-husband. The only fact she alleges now in her bill of review that existed at the time the divorce decree was granted was that "said children are of tender years and need their mother's love and care". This was nothing new that was not before the court at the time the court awarded custody to the ex-husband. All the facts that she now sets out (remarriage, proper home, ex-husband not willing to care for the children, unsanitary and unhealthy conditions, neglect by the ex-husband, need for proper medication and medical care, etc.) all, are admitted by her (in her sworn affidavit) to have occurred since the granting of the divorce. The ex-wife has an adequate legal remedy that she may pursue and must pursue under these facts before being entitled to a recovery of the custody of her children.

The Supreme Court in Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940) set out the proper procedure and remedy for what the appellant here desires.

". . . a suit to again litigate and again adjudicate the custody of minor children whose custody had already been litigated and adjudicated at a term of court which had expired was regarded as a new suit or an independent cause of action . . . Simply stated, the new suit was not an action to set aside the old judgment and retry the original case, as in an action for bill of review, but was a new and independent action to determine custody on changed facts and circumstances. A bill of review involves the retrial of the original suit; . . ."

The appellant's assertions can be litigated properly by bringing suit in the district court that retains continuing jurisdiction over a change in custody upon a showing of changed conditions. A bill of review is not the proper form for bringing about a change of custody because of changed conditions.

Because appellant has voluntarily accepted the benefits of the termination of the marriage, the property settlement and the release of the duty of support and care of the children, she is estopped as a matter of law and cannot afterward prosecute an appeal therefrom.

The ex-wife's affidavit shows as a matter of law that she was negligent in allowing the divorce decree to become final and in not using diligence by filing a motion for new trial or an appeal. In her affidavit, she said "in addition, defendant (ex-husband) required plaintiff (ex-wife) and her attorney to approve said judgment which was *drawn by them* in reliance on said false and fraudulent representations and promises". She knew and according to her statement her attorneys knew that the agreement was that her ex-husband was to remarry her *immediately* after the divorce had been procured. Immediate means to be done at once. When the ex-husband did not remarry her immediately after the divorce as he had agreed, she should have then filed an appeal or a motion for new trial. It would have been a simple act to have filed a motion for new trial or notice of appeal to have protected

herself from what she now complains to see if the ex-husband was going to carry out the fraudulent agreement between the parties. Her admitted negligence and lack of diligence prevents her from now seeking a bill of review.

Nowhere in her bill of review does the ex-wife set out clearly and distinctly her former pleadings, the issues of the former suit and the full result of the divorce decree. She does not tender or offer to tender the amount of money paid by the ex-husband in liquidating all of the community indebtedness as ordered by the divorce decree. She is satisfied with her divorce and remarriage. If, in fact, she is a fit and proper person for the custody of the children, then her alleged change of conditions might entitle her to custody in a separate suit for this purpose. The majority opinion has assumed that the ex-wife has satisfied all requirements predicating the right to bring a bill of review. This is not so. Her own affidavit closes the door.

In a bill of review, the complainant must allege and prove that she exercised due diligence to avail herself of all adequate legal remedies against the former judgment, and that at the time she files the bill of review there remains no such adequate legal remedy still available. McDonald, Texas Civil Practice, Vol. 4, § 18.27.6. The bill of review is not a mere alternative of review on motion for new trial or upon appeal, and it may therefore be successfully urged only when there remains no other method of assailing the judgment. McDonald, supra.

The ex-wife desires to set aside the divorce judgment for two reasons:

(1) that substantial property existed from the marriage in excess of that awarded in the divorce decree and that she would be entitled to a share of that property.

(2) that since the entry of said judgment and decree of divorce, there has been and there is a change in circumstances and conditions regarding the welfare, care, custody and education of said above named minor children and that she be granted custody of the children.

First, as to her contention that she is entitled to a share of the alleged community property not disposed of by the divorce decree, she may have a separate legal remedy, if any exists, in the nature of a partition suit. The divorce decree reads in part:

"And it further appearing to the Court that *various items of community property both real* and personal, have been acquired by the parties during their said marriage and it further appearing that the liabilities of the community estate of these parties so far exceeds the reasonable value of the community estate."

From the language, it appears that the divorce court partitioned *only that property* as the ex-wife alleges was represented to her to be existing community by her ex-husband and such judgment did not purport to dispose of that property which she now alleges to exist. This excess property to which she asserts her rights then was property not disposed of by judgment or decree of divorce. It is well settled that where, as here, a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof. Busby v. Busby, 457 S.W.2d 551 (Tex.Sup.1970); Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102 (1942). The court in the Busby case went on to say:

"Since this property was not partitioned at the time of the divorce, we held that the judgment entered in the divorce suit did not preclude the plaintiff from seeking a partition of the undivided community property sought to be partitioned. Keller v. Keller, 135 Tex. 260, 141 S.W. 2d 308 (1940)."

The ex-wife as an original party to the divorce decree in which she now alleges that the parties' rights to certain alleged property were not partitioned in said decree, had a present right to go into district court

to have her right to said property adjudicated. Busby v. Busby, supra; Henderson v. Henderson, 425 S.W.2d 363 (Tex.Civ. App.—San Antonio 1968, writ dism'd). She might have had an independent cause of action against her ex-husband for fraud. In any event, she did have an independent adequate legal remedy that she should have pursued before being entitled to bring this bill of review.

The judgment dismissing the ex-wife's suit in the nature of a bill of review was dismissed "with prejudice" in the trial court. The majority complains of this action. The Honorable Fidencio M. Guerra after being put on notice of the fraud which had been committed on his court, had sufficient legal as well as equitable reasons for dismissing the appeal (bill of review) with prejudice. The "dismissal with prejudice" only relates to the bill of review and not to the continuing jurisdiction that our trial courts have over the minor children. Our court's jurisdiction over what is the best interests of the children is unaffected by the wrongdoings of their parents. The judgment of the trial court dismissing plaintiff's attempted appeal by a bill of review should be affirmed.